IN RE STILLABOWER.

[No. O-774. Filed October 13, 1965.]

*Robert Stillabower, pro se.*

ARTERBURN, J.—The petitioner is an inmate of the Indiana State Prison at Michigan City. He asks that the Public Defender be cited to show cause why he should not represent him in a post-conviction appeal. He attaches what he claims are copies of letters and correspondence from his trial attorney and from the Public Defender's office. It appears from these admissions by the petitioner's exhibits that he has no meritorious grounds for any relief in this Court.

His petition shows that he was represented by Gilbert W. Butler, an attorney of the Morgan Circuit Court during his trial. The trial judge designated and appointed Mr. Butler as an attorney to review the case for appeal purposes on the request of the court and petitioner herein. It appears from a letter written

by the attorney to the trial court that he had thoroughly reviewed the trial of the cause and gave his expert opinion as an attorney most intimately connected with the trial of the defendant's case that he could find no grounds or any merit for an appeal.

We have said many times that it would be unethical for any attorney to prosecute a proceeding in any court which is frivolous or has no merit. No claim is made that the counsel of petitioner during the trial was incompetent, and we must therefore assume that he had the judgment and ability to determine whether any technical or meritorious grounds existed for an appeal. We have further said that it is the duty of a trial lawyer where he finds meritorious grounds exist for an appeal, to file a motion for a new trial. We have also pointed out that the State of Indiana grants a period of thirty days, while in the Federal courts only five days is granted as the time within which to arrive at such decision. *State ex rel. Macon* v. *Orange Circuit Court* (1964), 245 Ind. 269, 195 N. E. 2d 352, reh. denied 245 Ind. 272, 198 N. E. 2d 229, cert. denied 380 U. S. 981, 85 S. Ct. 1345, 14 L. Ed. 2d 274; *Higgins* v. *State* (1964), 246 Ind. 62, 202 N. E. 2d 569.

Indiana procedure appears to be considerably more liberal in its concern for a defendant in a criminal case than the Federal Courts in that regard.

In reviewing petitioner's application and exhibits attached thereto, we find that he points out no meritorious grounds for the consideration of the granting of such petition, and the same is denied.

Jackson, C. J. Concurs in result, Myers and Landis, JJ. concur, Achor, J. not participating.

NOTE.—Reported in 210 N. E. 2d 665.