IN RE PETITION OF LAWRENCE.

[No. 0-823. Filed March 13, 1967.]

*Marvin Leo Lawrence, pro se.*

PER CURIAM.—Petitioner in a motion for appointment of counsel filed on January 25, 1967 with the Clerk of this Court alleges that he was convicted of a crime on April 7, 1964 in Morgan Circuit Court, Cause No. C64-S1. Petitioner does not state the nature of the crime, judgment or sentence.

Petitioner further alleges that following his conviction the Morgan Circuit Court appointed Hugh Couch, of Martinsville, Indiana, as counsel for an appeal; that after filing the transcript and six petitions for extension of time, the sixth which was denied, Mr. Couch did not file a brief on the merits; that on June 29, 1966 the trial court at the request of petitioner appointed as second counsel John Caress, of Martinsville, Indiana. Mr. Caress states in a petition to withdraw appearance filed with the Clerk of this Court on December 30, 1966, and a copy of a letter dated December 6, 1966 to Judge John E. Sedwick, Jr., attached thereto, that he made a search of the transcript and record for the purpose of presenting any alleged error for appeal. He informed the trial court by his letter of December 6, 1966 that he could find no substantial error or merit for appeal. This attorney ended his report to the trial court as follows:

"In view of this situation, I am unable to find any basis for an appeal and, therefore, respectfully request the Court to release me from any obligation for such an attempt."

This petitioner has now addressed a petition to this Court for appointment of third counsel. In his petition no showing has been made of any request to the trial court for appointment of third counsel. This Court has no right to order a trial court to do an act such as appointment of counsel before demand is made of the trial court. Whether or not meritorious grounds exist and whether or not grounds for such search for error exist is for the trial court to determine. We further find no prima facie case is made out here for our intervention in this case.

There comes a time when appointment of successive counsel who are unable to find merit in an appeal must come to an end. The State is not required to search for counsel who will contend there was error in the trial. *Stanmore* v. *People,* 157 Colo. 207, 401 P. 2d 829 (1965). The fact is that there are some cases where no meritorious grounds for appeal exist and no competent lawyer can find any such grounds. In such case no lawyer under his oath can be compelled to maintain a frivolous appeal. *In re Stillabower's Petition,* 246 Ind. 695, 210 N. E. 2d 665 (1965).

Petition is denied.

NOTE.—Reported in 224 N. E. 2d 512.