Mitchel K. GUENTHER, Appellant (Defendant below),

v.

STATE of Indiana, Appellee (Plaintiff below).

No. 90S04–8612–CR–1049.

Supreme Court of Indiana.

Dec. 24, 1986.

Susan K. Carpenter, Public Defender, David P. Freund, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

ON PETITION TO TRANSFER

PIVARNIK, Justice.

This cause comes to us on a Petition to Transfer from the Fourth District Court of Appeals, brought by Appellee State of Indiana. Appellant was convicted of child molesting, a class C felony, and the presumptive five (5) year sentence was enhanced to eight years.

Appellant Michael K. Guenther appealed his jury conviction, raising five issues for review by the Court of Appeals. The Court of Appeals, 495 N.E.2d 788, affirmed the trial court on all issues except sentencing, Issue V in the Court of Appeals opinion, in which it found the trial court considered certain factors which are not proper aggravating circumstances, and remanded the cause to the trial court for resentencing. The Court of Appeals erred in this regard and we accordingly vacate its opinion on this Issue and affirm it in all other regards.

 The trial court is vested with wide discretion to determine whether a presumptive sentence should be enhanced because of aggravating factors. *Shippen v. State* (1985), Ind., 477 N.E.2d 903, 905. Only one valid aggravating factor need be shown to sustain the enhancement of a presumptive sentence. *Rowley v. State* (1979), 271 Ind. 584, 587, 394 N.E.2d 928–931. Statutory factors that may be considered as aggravating circumstances serve as guidelines, but do not limit the matters which the judge may consider when determining what sentence should be imposed. *Thurston v. State* (1985), Ind., 472 N.E.2d 198, 203.

The trial court here listed the following aggravating factors:

"1. The person has a history of criminal actifity [sic] which includes two counts of check deception, disorderly conduct and a driving while intoxicated plus minor traffic offenses.

2. The person is in need of correctional or rehabilitative treatment that can best be provided by his commitment to a penal facility, inasmuch as he has admitted other sexual misconduct, i.e. vaginal examinations on several occasions of another stepdaughter, inasmuch as the Defendant continues to deny the allegations herein and shows absolutely no remorse for his sexual intercourse with the victim herein or his past conduct regarding the vaginal examination of another stepdaughter and inasmuch as the Court feels that this offense is likely to reoccur [sic].

3. Imposition of a reduced sentence or suspension of the sentence and imposition of probation would depreciate the seriousness of the crime, inasmuch as the Defendant has had sexual intercourse with his stepdaughter which the Court finds to be a heinous crime and in this particular case circumstances are clearly aggravated in light of the numerous vaginal examinations performed on another stepdaughter."

Appellant's fifteen (15) year-old stepdaughter, T.S., testified that Appellant forced her to have sexual intercourse with him. Although Appellant denied this, he did admit to other sexual misconduct, including vaginal examinations of a younger stepdaugh-

ter, J.C. The Court of Appeals found the trial court supported its enhancement with improper aggravating circumstances: that Appellant showed no remorse for his acts; and that the crime was a heinous one since the victim was his stepdaughter. The Court of Appeals further found the trial court's considerations were erroneous because they would have made his act the class D felony of incest. The trial court used proper and sufficient reasons supported by the evidence to enhance Appellant's sentence to a term of eight years.

 The trial court first found Appellant had a history of criminal activity which warranted an increased sentence. The court properly listed the record of Appellant's criminal convictions. The court further found Appellant to be in need of correctional or rehabilitative treatment that could best be provided for by his commitment to a penal institution, based on facts which showed Appellant sexually abused his stepdaughters, some of which he admitted, showed no remorse for these activities, and, in the opinion of the trial court, was likely to repeat this conduct. These findings and conclusions by the trial judge again are justified by the evidence. In determining whether or not to give an enhanced or mitigated sentence, the trial judge is to consider the character of the person being sentenced and the nature of the crime committed. Ind.Code § 35–38–1–7 (Burns Supp.1986). Finally, the trial court found the imposition of a reduced sentence or a suspension of the sentence would depreciate the seriousness of the crime, inasmuch as Appellant had sexual intercourse with his stepdaughter, and circumstances were more aggravated in light of the numerous vaginal examinations performed on the other, younger, stepdaughter. The fact that Appellant was not charged with incest does not remove it as a factor to be considered by the trial court in his determination of whether or not to enhance the sentence. In his dissenting opinion to the instant cause, Judge Conover stated:

"Further, I believe the step-parent child relationship here indeed makes this a more heinous crime than ordinary child molesting. Standing in the role of parent Guenther should be a figure in whom T.S. could put her trust and to whom she could turn for protection. Instead Guenther violated that trust and became the one T.S. needed to be protected from. The majority, again without citing authority, states the heinousness of a crime relates to the manner of its commission rather than to the nature of the crime itself. I know of no such limitation on determining whether a crime is heinous."

Neither do we know of any such limitation. It is proper for a trial court to consider both the manner of the commission of a crime and the nature of it in determining whether or not a crime could be considered heinous and merits aggravation of the presumptive sentence. Under the facts and circumstances here, we do not find the trial court's appraisal to be unreasonable. The trial court gave at least three aggravating circumstances, all of them properly considered, and all of them amply supported by the evidence. On appeal, a sentence authorized by statute will not be revised unless it is manifestly unreasonable in light of the nature of the offense and character of the offender; that is, unless no reasonable person could find such sentence appropriate to the particular offense and offender for whom such sentence was imposed. *Dubinion v. State* (1986), Ind., 493 N.E.2d 1245, 1246. The present sentence clearly was authorized by statute and was reasonable.

The trial court is in all things affirmed.

GIVAN, C.J., and DICKSON, J., concur.

DeBRULER, J., dissents without opinion.

SHEPARD, J., not participating.