Clifford GEE, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 785 S 295 PS.

Supreme Court of Indiana.

May 7, 1987.

Rehearing Denied July 21, 1987.

Clifford Gee, pro se.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Appellant Clifford Gee was convicted by jury of inflicting physical injury in the commission of a robbery and was sentenced to life imprisonment. This Court affirmed his conviction. *Gee v. State* (1979), 271 Ind. 28, 389 N.E.2d 303. Gee then filed a Petition for Post-Conviction Relief, which was denied January 25, 1983. This Court again affirmed. *Gee v. State* (1984), Ind., 471 N.E.2d 1115. On March 14, 1985, Gee filed a *pro se* Motion to Correct Erroneous Sentence, which was denied. Gee now appeals the denial of that motion, raising three issues for our review:

    1. whether the trial court had jurisdiction to try Gee;

2. whether the trial court's denial of Gee's Motion to Correct Erroneous Sentence was contrary to law; and

3. whether the trial court denied Gee's constitutional right to the assistance of counsel.

■ We first note that Gee filed a Motion to Correct Erroneous Sentence under Ind.Code § 35–38–1–15. While a defendant may use Ind.Code § 35–38–1–15 as a method to seek correction of an erroneous sentence according to *Thompson v. State* (1979), 270 Ind. 677, 678–81, 389 N.E.2d 274, 276–77, *reh. denied,* the preferred procedure in raising the issues now before us is a petition for post-conviction relief.

## I

■ Gee, for the first time, challenges the trial court's jurisdiction to try and convict him. He asserts that because he did not formally plead to the charge against him, the court was without jurisdiction. Gee made no objection to submitting to trial without formally pleading. Absent an objection to entering on the trial for lack of arraignment or plea, any error in the failure to be arraigned or to enter a plea to the charge is waived by the personal appearance of the defendant. *Blanton v. State* (1953), 233 Ind. 51, 54, 115 N.E.2d 122, 123. Further, this Court has held:

A judgment of conviction shall not be invalidated because of the failure of the record to show that the indictment or information was read to the defendant at arraignment or that the defendant entered a plea, *unless the record shows that the defendant objected to entering upon the trial for lack of such arraignment or plea.* (Emphasis added). Ind. Code § 35–4.1.1.1(d) (now repealed).

*Heartfield v. State* (1984), Ind., 459 N.E.2d 33, 36. Gee was arraigned and waived formal reading of the charges. The cause was set for trial and pre-trial that day. In a pre-trial filing, Appellant indicated he was pleading not guilty. Appellant raised the lack of a formal plea for the first time on this appeal and has thus waived the issue.

## II

Next Gee argues that the trial court erred in not applying the ameliorative sentencing provisions of Ind.Code § 35–50–2–4. Gee contends that application of the savings clause, which denied him the ameliorative sentencing, results in vindictive justice in violation of the Indiana Constitution. Gee maintains he should have been sentenced under Ind.Code § 35–50–2–4, which took effect October 1, 1977, because his sentencing did not occur until October 25, 1977.

On the day the crime occurred, August 12, 1977, the crime of inflicting injury in the course of a robbery was punishable by life imprisonment if the injury was inflicted with a firearm, bludgeon, or other deadly or dangerous weapon or instrument. Ind. Code Ann. § 35–13–4–6 (repealed). The new penal code provides that this act is robbery which results in bodily injury, a class A felony, and carries a fixed term of imprisonment of thirty (30) years, with not more than twenty (20) years added for aggravating circumstances or not more than ten (10) years subtracted for mitigating circumstances. Ind.Code Ann. § 35–50–2–4 (Burns 1985). The savings clause, Indiana Acts 1977, P.L. 340, § 150, provides that an offense committed before October 1, 1977, shall be prosecuted and remains punishable under the repealed law. The defendant, if found guilty, shall be sentenced under the statute in force at the time the offense was committed. *Bonner v. State* (1979), 271 Ind. 388, 393, 392 N.E.2d 1169, 1171, *reh. denied.* Thus, Gee was properly sentenced under the law in effect on August 12, 1977, even though his sentencing occurred after the new penal code became effective. *Morris v. State* (1980), 273 Ind. 614, 624, 406 N.E.2d 1187, 1194; *Holder v. State* (1979), 272 Ind. 52, 56–7, 396 N.E.2d 112, 115.

■ Gee argues that application of the savings clause results in vindictive justice in violation of the Indiana Constitution, Art. 1, § 18. However, "... the application of prior law to those who committed crimes and were convicted and sentenced under that prior law does not constitute vindictive justice." *Vicory v. State* (1980),

272 Ind. 683, 687, 400 N.E.2d 1380, 1383. A savings clause is an enactment of the Legislature and, as such, is cloaked with the presumption of constitutionality which continues until rebutted. *Sidle v. Majors* (1976), 264 Ind. 206, 209, 341 N.E.2d 763, 766, *reh. denied.* Gee contends that Art. 1, § 18, which provides that "[t]he penal code shall be founded on the principles of reformation, and not of vindictive justice," mandates that he be re-sentenced in accordance with the new statute. However, in a case presenting an almost identical situation, this Court held:

> When the Legislature decided in enacting the new criminal code that the penalties for some crimes should be modified or reduced, it chose to decide the question of when and under what circumstances the new penalties shall be given. Its decision to meet this issue must be regarded as highly appropriate. Appellant is, of course, correct in asserting that in doing so, the Legislature relied heavily upon the broad, general and long-standing rule of law that the law in effect at the time a crime is committed should be controlling. *Watford v. State, supra.* The time of a crime is selected as an act of the free will by the offender. Penal consequences are frozen as of that event. Alteration of them through subsequent events, both the uncontrollable and the manipulable, by the offender or the State, is foreclosed. The rule has decided marks of neutrality and fairness. Its use by the Legislature for this purpose cannot be fairly characterized as rendering the penal code without reformative purpose.

*Parsley v. State* (1980), 273 Ind. 46, 48–9, 401 N.E.2d 1360, 1361–62, *cert. denied,* 449 U.S. 862, 101 S.Ct. 166, 66 L.Ed.2d 79. Thus, applying the prior statute did not constitute an act rendering the penal code without reformative purpose, so as to violate the constitutional provisions that the penal code shall be founded on principles of reformation and not of vindictive justice. *Id.* Clearly, Gee presents no reversible error.

## III

■ Gee next argues the trial court denied his constitutional right to counsel. He maintains that because an Affidavit of Indigency was appended to his *pro se* Motion to Correct Erroneous Sentence, the court had a duty to appoint counsel. Gee relies on case law holding that an accused in a criminal case is entitled under state and federal constitutions to be represented by counsel at every stage of the proceedings against him both before and after the trial.

Throughout all of the proceedings prior to the instant *pro se* Motion to Correct Erroneous Sentence and proceedings thereon, Gee had been afforded court appointed counsel. Further, Gee made no request to the trial court for appointment of counsel. Gee made no showing to the trial court that he had requested the Public Defender's office to represent him and had been denied assistance. Rather, Gee conceded he could have sought the assistance of the Public Defender but chose not to do so. Under these circumstances, this Court may reasonably find no error to exist, as it has been held that, "[t]his Court has no right to order a trial court to do an act such as appointment of counsel before demand is made of the trial court." *In re Lawrence* (1967), 248 Ind. 139, 140, 224 N.E.2d 512, 512, *mandate denied,* 249 Ind. 115, 234 N.E.2d 498. "[A] person has the right to waive the assistance of counsel and represent himself provided it is shown that he does so of his own free will, knowing and understanding his constitutional right to be represented by counsel and that he is waiving that right." *Joseph v. State* (1985), Ind., 483 N.E.2d 32, 34. Gee chose to proceed *pro se* with a Motion to Correct Erroneous Sentence rather than through a properly verified Petition for Post-Conviction Relief.

Gee argues the trial court erred in failing to appoint counsel despite notice he was indigent. However, he ignores the question of whether the court was properly petitioned for appointment of counsel. "Any poor person not having sufficient means to prosecute or defend any action may apply to the court in which the action

is intended to be brought ..., for leave to prosecute or defend as a poor person...." Ind.Code Ann. § 34–1–1–3 (Burns 1986). Here, Gee never requested appointment of counsel due to his economic status. Absent such a request, the trial court did not abuse its discretion in failing to appoint counsel. *In re Johnson* (1981), Ind.App., 415 N.E.2d 108, 111–12, *reh. denied.*

The judgment of the trial court is affirmed.

SHEPARD, C.J., and GIVAN and DICKSON, JJ., concur.

DeBRULER, J., concurs in result without opinion.