Tony Lee HENLEY, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 49S00–8701–CR95.

Supreme Court of Indiana.

May 2, 1988.

Reginald B. Bishop, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Following a jury trial in the Marion Superior Court, Criminal Division One, Defendant–Appellant Tony Lee Henley was convicted of Rape, a class B felony; Burglary, a class B felony; Confinement, a class D felony; and Robbery, a class C felony. The court sentenced Henley to eighteen (18) years for rape; ten (10) years for burglary; two (2) years for confinement; and five (5) years for robbery, the sentences to be served concurrently. He directly appeals raising the following issues for our review:

1. sufficiency of the evidence;

2. alleged error in admitting evidence of a prior burglary/rape under the common scheme or plan exception;

3. alleged error in sentencing.

The facts most favorable to the State show that on May 29, 1986, at approximately 11:00 a.m., M.S. was sitting in her living room hemming a skirt and watching television when Appellant Henley entered her house through the back door which was closed but unlocked. Henley had previously attempted to accost M.S. at gunpoint outside of her home. Upon entering the house Henley grabbed her, covered her mouth and ordered her not to scream. When she attempted to flee he grabbed her and wrapped an arm around her. He then locked the front door and then pulled her into the kitchen. There he attempted to lock the back door, but could not. He pulled M.S. back into the living room, got her keys from the front door, returned to the kitchen and then forced M.S. to lock the kitchen door.

Having secured the premises, Henley then ordered M.S. to disrobe. When she repeatedly refused, Henley struck M.S. across the face, pushed her against a wall, and finally threatened to hit her with a coffee cup. When M.S. began to comply with his orders, Henley put the cup down. His fingerprint was subsequently found on the coffee cup.

Henley made M.S. lie on the kitchen floor and then attempted to force her to engage in vaginal intercourse. When he could not achieve penetration, Henley went into the bedroom. He later came back to the kitchen where he engaged in vaginal intercourse with M.S. A subsequent rape test showed the presence of sperm. After they both dressed, Henley demanded money from M.S. who gave him some coins she had in a vase. Henley repeatedly stated he intended to return for more, warned her not tell anyone, and finally unhooked the phone and left M.S.'s residence. After the assailant left, M.S. ran from the house and called the police from a neighbor's home.

I

Henley claims the evidence was insufficient to support his convictions. As a court of review, we do not judge the credibility of witnesses nor reweigh the evidence. Rather, we look only to that evidence most favorable to the State and all reasonable inferences to be drawn therefrom. If there is substantial evidence of probative value to support the conclusion of the trier of fact the verdict will not be overturned. *Loyd v. State,* (1980), 272 Ind. 404, 407, 398 N.E.2d 1260, 1264, *cert. denied* 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105.

■ Henley urges the evidence is insufficient because it is based largely on M.S.'s testimony. However, the uncorroborated testimony of one witness is sufficient to convict, even if the witness in question is the victim. *Lamb v. State* (1984), Ind., 462 N.E.2d 1025, 1028. Henley argues the convictions can stand only when the victim's uncorroborated testimony is of such compelling nature that it proves the existence of the alleged crime beyond a reasonable doubt. He asserts that is not the case here. We disagree. In addition to the victim's testimony, the State offered into evidence fingerprints found on a coffee cup which M.S. testified the accused used to threaten her. The fingerprint was identified as Henley's. *See Staggers v. State* (1985), Ind., 477 N.E.2d 539, 543. The State also offered circumstantial evidence connecting Henley with the crime in the form of a hat worn by the man who attempted to assault M.S. on May 13, 1986.

■ Henley asserts the State failed to prove he was able to have sexual intercourse with M.S. by threatening or using force. M.S. testified Henley struck her when she refused to disrobe. When she continued to refuse, he picked up the coffee cup and held it back. He only put it down when she began undressing. The prospect of being struck by the coffee cup was sufficient threat to induce a victim who consistently refused to comply with Henley's demands. Thus, this crime was committed by threatening and using violence. Henley claims his fingerprint on the coffee cup does not prove he used the cup to force M.S. to have sex with him and that actually, the cup would not be an appropriate

choice of weapon when the assailant was in the kitchen in apparent reach of other items like a kitchen knife. However, here the fingerprint evidence is corroborated by M.S.'s testimony that Henley used it to forced her to have intercourse. Thus, there was sufficient evidence to support the rape conviction.

Henley claims there was no evidence to support the breaking and entering element of burglary. Breaking is proved by showing that even slight force was used to gain unauthorized entry including opening an unlocked door. *Howard v. State* (1982), Ind., 433 N.E.2d 753, 756. Henley asserts the door may have been open. M.S. testified Henley entered her home through the back door without her permission and committed the rape. She testified the door was closed but unlocked. Henley's argument invites this court to reweigh the credibility of the victim. This we will not do.

Henley claims the record lacks evidence to prove he confined M.S. Henley claims that as M.S. did not testify she was physically restrained nor that Henley verbally threatened her against leaving, the evidence is insufficient to show that M.S.'s liberty and movement were restricted. However, M.S. testified when Henley first invaded her home, he covered her mouth and ordered her not to scream. When she attempted to escape, he wrapped an arm around her to prevent her from leaving. Thus, M.S. was clearly confined against her will.

Henley asserts the evidence of robbery is insufficient in that the State failed to prove the element of threats or placing the victim in fear. Henley urges that his words "I'm not leaving until I have some money," cannot be construed as a threat intended to put M.S. in fear. However, Henley had already struck and pushed M.S. He had threatened to strike her with a coffee cup and had raped her repeatedly. Under these circumstances, it was reasonable for the jury to consider his ultimatum to remain in her home a "threat." Thus, there was sufficient evidence of probative value to support the jury's verdict on each count.

## II

Henley claims the trial court erred in allowing L.K. to testify concerning Henley's sexual assault on her eight days prior to the assault on M.S. Generally, evidence of one crime is not admissible to prove another crime. However, such evidence is admissible to prove intent, motive, identity or common scheme or plan if the facts of the two crimes are so similar, unusual, and distinctive as to earmark the crimes as having a common perpetrator. *Hobbs v. State* (1984), Ind., 466 N.E.2d 729, 733; *Kimmel v. State* (1981), 275 Ind. 575, 578, 418 N.E.2d 1152, 1154, *cert. denied* 454 U.S. 932, 102 S.Ct. 430, 70 L.Ed.2d 239.

Henley urges the similarities of the attacks are not so distinctive or unique as to make them a "signature". He asserts the similarities between the two incidents are similarities that are common to most rapes and in no way suggest a common scheme, plan or identity. Further, Henley points out differences between the two incidents in the weapons used and in the times of commission. In the challenged incident a knife was allegedly used in the afternoon. In the case at bar, a coffee cup was used in the morning. Henley claims he had a right to be protected from this prejudicial testimony especially as the State had M.S.'s testimony to identify her assailant.

In order for the State to have properly introduced this evidence, the testimony of L.K. must have been sufficiently similar to that of the victim to show that it was likely that Henley committed both crimes. Both crimes were committed during the day. Both women were known by Henley to be alone at the time of the attack. The ages of the victims were similar. In both attacks Henley kept a constant vigil on the surroundings and checked the door locks. In both rapes, Henley ordered his victims to disrobe and lie face down on the floor in or near their kitchens. He then attempted, and failed, to engage in sexual intercourse because he had difficulty penetrating the victims. His second attempt, however, was successful in each case and resulted in

vaginal intercourse from the rear. Besides being little more than a week apart, both attacks occurred within a few blocks of Henley's residence, both victims lived in close proximity and both houses of the victims were doubles. Both victims' homes were burglarized. Both victims were threatened and in both instances there was physical abuse. Thus, the incidents were sufficiently similar to show it was likely Henley committed both crimes.

### III

Henley claims the trial court abused its discretion in finding there were aggravating circumstances to warrant an increase from the presumptive sentence of ten (10) years to eighteen (18) years for the rape conviction. A reviewing court will not revise a sentence authorized by a statute except where such sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender. A sentence is not manifestly unreasonable unless no reasonable person could find such sentence appropriate to the particular offense and offender for which such sentence was imposed. Ind.R.App.Rev.Sen. 2.

Henley charges the trial court committed reversible error in failing to discuss the mitigating circumstances of the case. He claims the trial court must evaluate any mitigating circumstances when significant circumstances are clearly supported by the record. He asserts the significant mitigating circumstances here include his young age of 19, his lack of juvenile criminal history, and his score on the pre-sentence investigation screening instrument which suggested a sentence of probation with special condition. Henley asserts these mitigating factors are covered by statute and are sufficiently compelling to warrant evaluation by the trial court.

However, a finding of mitigating factors is not mandatory and rests within the discretion of the trial court. *Johnson v. State* (1983), Ind., 447 N.E.2d 1072, 1076. While the sentencing court did not find any mitigating circumstances, the court noted Henley's age of 19 and heard testimony from two police officers that there were seven investigations pending against Henley, four of which had been filed as cases. These investigations suggested a similar pattern of criminal activity by Henley which became increasingly frequent and more violent. In light of this testimony, it is unlikely that Henley's lack of juvenile criminal history would compel a finding of mitigating circumstances.

Henley does not urge that the aggravating circumstances found by the trial court were inadequate. The trial court found as aggravating circumstances Henley's threats to M.S. that she would be killed if she did not comply and his use of a coffee cup as a weapon. The record shows the court properly considered the surrounding circumstances and sentenced Henley within the bounds of the sentencing statutes. We find the reasons given to be sufficient and do not perceive the sentences imposed by the trial court to be manifestly unreasonable. *See Gary v. State* (1984), Ind., 471 N.E.2d 695, 700; *Galmore v. State* (1984), Ind., 467 N.E.2d 1173, 1178–79.

The trial court is affirmed.

DeBRULER and GIVAN, JJ., concur.

DICKSON, J., concurs in result without opinion.

SHEPARD, C.J., dissents without opinion.