**Michael NIXON, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 45A03-8807-CR-226.[1]

Court of Appeals of Indiana, Third District.

June 12, 1989.

---

1. This appeal, which became fully briefed on January 23, 1989, was received belatedly from the Clerk of the Court on April 24, 1989.

Scott King, Appellate Div., Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Jane A. Morrison, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

Michael Nickson[2] contests the sentence imposed upon his conviction for criminal recklessness and asks this Court to determine whether the Court erred in its consideration of certain mitigating and aggravating factors, thus making the imposed five (5) year sentence manifestly unreasonable?

Affirmed.

On September 4, 1987, Michael Nickson (Nickson) was playing basketball, along with Anthony Gales. After arguing over a play, the two walked off the court. Nickson then retrieved his gun from a friend's car, shot twice, and then walked toward Gales. While Gales' wrist was only grazed, a spectator was wounded in the leg, despite his attempt to leave unharmed. Nickson admitted that he carried the gun and left it in his friend's car during the game. Nonetheless, Nickson insists that as he fought with Gales, he was hit on the head by someone else and thus fired his gun because, as he testified, "I felt that my life was in danger." (Record, p. 198).

A trial by jury resulted in Nickson's conviction for Criminal Recklessness, a Class C felony.[3] After discussing its reasoning, the Court sentenced Nickson to five (5) years, the presumptive sentence for criminal recklessness pursuant to I.C. § 35–50–2–6. Nickson asserts the Court erred in arriving at this sentence, claiming that the Court disregarded a mitigating factor and over-emphasized an aggravating factor.

When reviewing a sentence, this Court will only "revise a sentence authorized by statute ... where such sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender." Ind.R.App.Rev.Sen. 2(1). "A sentence is not manifestly unreasonable unless no reasonable person could find such sentence appropriate to the particular offense and offender for which such sentence was imposed." Ind.R.App.Rev.Sen. 2(2); *Henley v. State* (1988), Ind., 522 N.E.2d 376, 380.

However, it is within the trial court's discretion to weigh the mitigating and aggravating circumstances, and the trial court need not consider mitigating factors. *Johnson v. State* (1988), Ind., 518 N.E.2d 1073, 1078.

Here, Nickson claims the Court found that he had a potential for future criminal activity based upon the Court's determination that Nickson's credibility was questionable. Nickson attacks the emphasis placed upon his credibility as being over-emphasized. However, it is evident from the Court's statements made during sentencing that Nickson's credibility was not the sole factor influencing the Court in its determination that future criminal activity was probable. According to the Court, it also considered the fact that "[i]t was not an impulse reaction. It took more than minimal planning." (Record, p. 56). Thus, it cannot be said that the Court found Nickson to be capable of future criminal

---

**2.** While the briefs and court docket sheets refer to the Appellant as "Nickson," the Record and Information spell his name "Nixon."

**3.** West's A.I.C. § 35–42–2–2(b).

conduct solely because it questioned his credibility.

 Nickson also asserts that the Court did not consider all of the possible mitigating factors, specifically pointing to the fact that since his conviction for possessing a handgun in 1983, Nickson had had no additional conflict with the law. However, as noted above, the Court was not bound to consider mitigating factors. *Johnson, supra,* at 1078. Additionally, as stated in *Shields v. State* (1988), Ind., 523 N.E.2d 411, "[o]nly one valid aggravating factor need be shown to sustain the *enhancement* of a presumptive sentence." (Emphasis added.) *Shields, supra,* at 414. Here, even though Nickson's sentence was *not enhanced* beyond the presumptive five (5) year term, at least one valid aggravating factor *was* shown. Indiana Code § 35–38–1–7 states:

> (b) The court may consider the following factors as aggravating circumstances ...:
>
> *   *   *   *   *   *
>
> (2) The person has a history of criminal or delinquent activity.
>
> (3) The person is in need of correctional or rehabilitative treatment that can best be provided by his commitment to a penal facility.

West's A.I.C. § 35–38–1–7(b)(2) and (3) (Supp.1988). The Court found the following aggravating circumstances at the time of sentencing:

> The defendant has a history of criminal activity as previously stated. The defendant is in need of correctional and rehabilitative treatment that can best be provided by his commitment to a penal facility for the following reasons: ....

Record, p. 56. As is evident, the findings of the Court are identical to the statutory circumstances listed as being "aggravating."

Finally, as stated in *Taylor v. State* (1987), Ind., 511 N.E.2d 1036, when the Court imposes a presumptive sentence, it need not explain its reasons for doing so. *Taylor, supra,* at 1041.

Accordingly, as the Court found aggravating circumstances, yet imposed only the presumptive sentence, we cannot state that the Court abused its discretion by imposing a sentence that was "manifestly unreasonable."

Affirmed.

HOFFMAN and MILLER, JJ., concur.