Henry TAGUE, Appellant,

v.

STATE of Indiana, Appellee.

No. 61S00–8803–CR–358.

Supreme Court of Indiana.

June 16, 1989.

Mark A. Greenwell, Newport, for appellant.

Linley E. Pearson, Atty. Gen., Wendy L. Stone, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in a conviction of appellant of the crime of Child Molesting, a Class B felony, for which he received an enhanced sentence of twelve (12) years.

The facts are: In the summer of 1986, the victim was eleven years old. She, her mother, and her siblings lived across the street from appellant, who was her father's cousin. The families visited with each other frequently. The victim testified that on one occasion she went to appellant's house to get cigarettes for her mother, and while there, appellant threw her on a bed and started removing her clothing. The victim stated appellant put his penis between her legs and got on top of her. When appellant finished the attack, he told the victim that he had a rope and that he would tie her up and "do something with you."

The victim testified that on another occasion she went to appellant's house to inquire concerning a friend of hers who had been living in appellant's home. Appellant told her that her friend had left, but when the victim started to leave, appellant told her he had something for her in the kitchen. As they passed through the bedroom, appellant again grabbed the victim, threw her on the bed, and did the same things he had done on the first occasion, except this time he forced her to perform fellatio. After they had finished, appellant heard his wife drive up in the driveway and instructed the victim to leave by the back door, which she did.

In October 1986, the victim revealed what had happened to her school counselor, Wilma Wooten, who in turn notified the county welfare department. Case worker Sally Curley interviewed the victim. Her accounts of the two happenings, as related to the women, were substantially the same. The victim did not appear to be sure as to whether appellant actually accomplished penetration. The child also told of an occa-sion when appellant took her for a motorcy-cle ride and fondled her breasts and be-tween her legs and asked if he could "screw her" and if she would "give him head."

Doctor Roberta Ann Hibbard examined the victim and the victim told her essential-ly the same thing she had told the other women.

Appellant claims the trial court erred in permitting the State to amend the charging information on the morning of trial. The original charge read:

"During the month of July and Au-gust, 1986, in Parke County, State of Indiana, Henry Tague, being at least six-teen years of age, did perform deviate sexual conduct with [the victim], a child under twelve years of age."

On the morning of trial, the State amend-ed the charge by inserting the words "and/or sexual intercourse" between the words "conduct" and "with." It is appel-lant's claim that this amendment was an amendment in substance rather than an amendment in form and as such violated Ind.Code § 35–34–1–5.

The statute under which appellant was charged is Ind.Code § 35–42–4–3(a). That portion of the statute reads:

"A person who, with a child under twelve [12] years of age, performs or submits to sexual intercourse or deviate sexual conduct commits child molesting, a class B felony. However, the offense is a class A felony if it is committed by using or threatening the use of deadly force, or while armed with a deadly weapon, or if it results in serious bodily injury."

■ The statute is worded in the alterna-tive. The crime of child molesting is com-mitted if the perpetrator performs either sexual intercourse or deviate sexual con-duct on the child. There is nothing about the amendment made by the State that would cause appellant difficulty in his de-fense or would in any way change the allegation as to the victim molested. The charged crime of child molesting would be

proven in the event of either of the alternative acts described in the statute. The State's amendment did not alter the theory of the case or the identity of the crime charged. *See Brown v. State* (1987), Ind., 512 N.E.2d 173. The trial court did not err in permitting the State's amendment.

■ Appellant claims the trial court erred in excluding testimony of Dr. Hibbard to the effect that when she interviewed the victim, the victim related that several years previously she had been molested by her father. The State invoked the Rape Shield Statute, Ind.Code § 35–37–4–4. The State's objection was sustained by the trial court.

Appellant argues that inasmuch as Dr. Hibbard had testified that the victim had a tear in her hymen which had healed and also had a vaginal infection typically transmitted by sexual intercourse, the defendant should have been permitted to have Dr. Hibbard testify that the victim had told her she had been molested by her father, in order to show that the hymenal tear and the infection could have come from another source.

The Rape Shield Statute, Ind.Code § 35–37–4–4, makes three specific exceptions to the evidence excluded under the statute.

"(b) Notwithstanding subsection (a), evidence:

(1) of the victim's or a witness's past sexual conduct with the defendant;

(2) which in a specific instance of sexual activity shows that some person other than the defendant committed the act upon which the prosecution is founded; or

(3) that the victim's pregnancy at the time of trial was not caused by the defendant;

may be introduced if the judge finds, under the procedure provided in subsection (c) of this section, that it is material to a fact at issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value."

The facts in the case at bar do not fall within any of these exceptions.

The alleged conduct of the father had taken place several years prior to the occurrences involved in this prosecution. The fact that the victim's physical condition could have been caused by contact with her father is not crucial to the case at bar. It was not necessary to show penetration in order to accomplish appellant's conviction for child molesting. We see nothing in this record to show that the prejudicial nature of the testimony would have been outweighed by any probative value as required under the exceptions to the statute. *Thomas v. State* (1984), Ind., 471 N.E.2d 681.

Appellant argues evidence that the child was not a virgin at the time the attacks occurred would raise a reasonable doubt in the minds of the jury that sexual intercourse did in fact occur, especially in view of the apparently confused state of the victim as to whether penetration was actually accomplished. Virginity or the lack thereof has absolutely nothing to do with the crime of child molestation. The trial court did not err in excluding the evidence of possible molestation of the victim by her father.

■ Appellant claims the trial court erred in overruling his motion for a directed verdict at the completion of the State's case-in-chief. His argument here is based upon the apparent confusion of the victim as to whether penetration took place and her inability to name specific dates and times when the attacks occurred. All of these matters were placed before the jury for their consideration. It was their prerogative to weigh this evidence and determine the credibility of the victim, taking into account her age and state of mental development. Taking these things into consideration, the jury was entitled to base its verdict upon the uncorroborated testimony of the victim. *Maynard v. State* (1987), Ind., 513 N.E.2d 641. Conflicts in the victim's testimony, stemming from fear, naivete, or embarrassment, are clearly for the jury to determine. *Graves v. State* (1984), Ind., 472 N.E.2d 190. The trial court did not err in refusing to direct a

verdict of acquittal at the close of the State's evidence.

■ Appellant contends the trial court erred in finding aggravating circumstances and thus imposing an enhanced sentence of twelve (12) years. Appellant emphasizes the fact that the victim was eleven and a half years old at the time of the molestation; thus it was error for the judge to use the fact that she was under twelve years of age as an element of enhancement.

In addition to finding that the child was eleven years of age, the judge also found that she was a "naive girl for her age," that appellant was a pastor in her church, and that he was a man of thirty-seven years of age and in a position of unusual trust with the child. The court further found that the child had been victimized on at least two occasions and further that appellant had threatened the child with bodily harm if she disclosed the facts. The trial court thus gave ample reasons for the enhancement of appellant's sentence.

■ Appellant further argues that the trial court should have given more weight to the mitigating circumstances. The only mitigating circumstance appellant offers is that he was a married man without a criminal record. This hardly suffices to override the aggravating circumstances recited by the court. Mitigating factors are not mandatory and rest within the discretion of the trial court. *Henley v. State* (1988), Ind., 522 N.E.2d 376.

■ Appellant also claims the trial court erred in stating that the child had been molested on two occasions. He claims that he had been convicted of only one count of child molesting and therefore the court's finding that there were two occasions of child molesting infringed upon his constitutional right to a trial by jury. We see absolutely no merit to this contention. The charging information alleged that the molestation occurred during the months of July and August of 1986. The evidence submitted in this case clearly shows two specific instances of molestation. The trial court was acting entirely within the charge and the proof in so stating.

The trial court is affirmed.

SHEPARD, C.J., and PIVARNIK and DICKSON, JJ., concur.

DeBRULER, J., concurs in result without separate opinion.