Kim BROWNING, Appellant
(Defendant),

v.

STATE of Indiana, Appellee (Plaintiff).

No. 80A02–9004–CR–213.

Court of Appeals of Indiana,
Second District.

Aug. 22, 1991.

J.J. Paul, III, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Geoff Davis, Deputy Atty. Gen., Indianapolis, for appellee.

## ON REHEARING

BUCHANAN, Judge.

In our original memorandum decision, filed May 23, 1991, we affirmed the trial court's summary denial of defendant-appellant Kim Browning's (Browning) petition to file a belated praecipe. 571 N.E.2d 1346.[1] We concluded that the trial court's denial was proper because Browning was not entitled to a direct appeal from his guilty plea. His allegations of error did not constitute claims that his sentences were erroneous on their face.

On rehearing Browning claims that we applied the wrong standard and asks that we consider his arguments on their merits. For reasons that will hereinafter appear we will consider his arguments on their merits, and we affirm the sentences imposed by the trial court.

The facts most favorable to the trial court's judgment reveal that on September 21, 1987, Browning was charged with two counts of child molesting,[2] as class C felonies. On September 22, 1987, Browning was charged by a separate information with three additional counts of child molesting, as class B felonies.[3] The victims in the two charges were different.

Browning pled guilty to both counts of child molesting as class C felonies, and he pled guilty to two of the three counts of child molesting as class B felonies. On April 27, 1988, Browning was sentenced on both cases. He received two consecutive five-year sentences on the C felony charges and two consecutive thirteen-year sentences on the B felony charges. Three years of each of the thirteen-year sentences were suspended, and Browning was placed on probation for each of those three-year terms. The sentences in the two

---

1. Ind.Rules of Procedure, Post-Conviction Rule 2 § 1.

2. Ind.Code 35-42-4-3(c) (1988).

3. IC 35-42-4-3(a).

cases were ordered to be served concurrently, giving Browning an aggregate executed sentence of twenty years, and six years of probation upon the completion of his executed term.

On September 16, 1988, Browning filed a petition for the modification of his sentence, which was denied by the trial court on November 17, 1988. Over one year later, on November 29, 1989, Browning filed a petition to file a belated praecipe in order to pursue a direct appeal of his sentence. That petition was denied on December 11, 1989, and this appeal ensued.

Browning raises two issues for our consideration:

1. Whether the trial court properly denied his petition to file a belated praecipe?

2. Whether his sentences were manifestly unreasonable?

## I.

■ We initially decided that the trial court had properly denied Browning's petition because he was not entitled to a direct appeal from his guilty plea to allege his sentences were manifestly unreasonable. We relied upon our supreme court's decision in *Jones v. State* (1989), Ind., 544 N.E.2d 492, for the proposition that, when determining whether a sentence is erroneous on its face, the reviewing court will not consider issues concerning how the trial court weighed various factors when imposing sentence.

Browning argues that this standard applies only when the reviewing court is considering the denial of a motion to correct an erroneous sentence in accordance with Ind.Code 35–38–1–15 (1988).

The supreme court has limited the scope of IC 35–38–1–15 because the preferred method of raising sentencing errors is a petition for post-conviction relief. *See Jones, supra; Gee v. State* (1987), Ind., 508 N.E.2d 787. This court has held that an exception to the general rule that a defendant may not pursue a direct appeal from a guilty plea is when "there is an error in the imposition of a sentence on the face of the record...." *Woods v. State* (1981), Ind. App., 426 N.E.2d 107, 110, *citing Weyls v. State* (1977), 266 Ind. 301, 362 N.E.2d 481. A reading of *Weyls*, however, does not establish that direct appeals from sentences imposed pursuant to guilty pleas are limited to errors "on the face of the record" in the same sense that an appeal from the denial of a motion to correct an erroneous sentence is "limited to those instances where the sentence is erroneous on its face." *Jones, supra* at 496. In *Perry v. State* (1983), Ind., 447 N.E.2d 599, the supreme court considered a direct appeal from a guilty plea in which the defendant argued the trial court had not properly weighed the aggravating and mitigating circumstances when it imposed sentence. Therefore, we must conclude that the supreme court has not limited the scope of a defendant's arguments in a direct appeal from a sentence imposed pursuant to a guilty plea as it has when the defendant appeals from the denial of a motion to correct an erroneous sentence.

*Thompson v. State* (1979), 270 Ind. 677, 389 N.E.2d 274, discussed the three alternate avenues available to defendants for the raising of sentencing errors. This decision "was drafted partly in response to some confusion over what procedure to follow and whether a trial court should treat an unverified petition, purportedly under Ind.R.P.C. 1, § 1(a)(3) and attacking only the sentence, as a motion to correct sentence pursuant to the statute." *Jones, supra* at 496. This view was taken:

"Of course, the defendant may also file, within sixty days of sentencing, a motion to correct errors and designate an erroneous sentence as the complained of error. *See* Ind.R.Tr.P. 59(A)(7) and 59(A)(9). *Weyls v. State,* (1977) 266 Ind. 301, 362 N.E.2d 481. But there is nothing in the statute which should preclude a defendant from raising the issue of an erroneous sentence at a time after sixty days have elapsed. The statute does require that the motion to correct erroneous sentence be in writing and be supported specifically. These requirements are not unlike those contemplated within Ind.R.Tr.P. 59."

*Thompson, supra* 270 Ind. at 679, 389 N.E.2d at 276. Because of the similarity between motions to correct erroneous sentences and arguments made on direct appeal that a sentence is erroneous, there is an appealing gloss to the argument that the same standard *should* apply to both. But, as the supreme court has not yet made that policy decision, we cannot so restrict a defendant's use of a direct appeal from a sentence imposed pursuant to a guilty plea.

■ Because any error that occurred by the summary denial of Browning's petition to file a belated praecipe can be cured by our consideration of Browning's claims regarding his sentences, we will address Browning's request for appellate review of his sentences.

## II.

The trial court properly sentenced Browning. Browning argues that the trial court did not sufficiently state its reasons for ordering his sentences to be served consecutively, that the trial court did not properly weigh the aggravating and mitigating circumstances and that his sentences are manifestly unreasonable.

■ The trial court made the following statement in support of the sentences imposed:

"Mr. Browning, I've weighed heavily what I consider to be both mitigating and aggravating circumstances in this case. And as mitigating factors, first and foremost the fact that you've plead guilty, that you were willing to come forth and admit that you had done wrong, that you've shown some remorse for this and that you're willing to accept the consequences knowing that there will be, and has to be under the law, consequences. I consider as a mitigating factor that there was no violence involved, that these were situations in which you became involved with these boys and did not necessarily force yourself on them in the sense that there was any violence involved.

I take into consideration as a mitigating factor your family background, and I think that that should be as a mitigating factor, not an excuse, but a mitigating factor. I also will take into consideration as mitigating factors that you have attempted to do good things in the community, that you have been involved in the community, and it will be this desire to improve yourself and to be something better than what life has initially dealt to you that will get you through this, if anything at all will.

As aggravating factors, probably for this Court the greatest aggravating factor is the nature of the offense and the fact that you were a mature man and you took advantage of the situation. As adults we are all susceptible to various types of temptations and trials and we all have to learn that we either say 'no' or we take the consequences. It can be something as serious as these charges or things much less serious, but as an adult, in this type of offense, you had the obligation to say 'no.' You were the role model.

You were asked in the case of the [C] family to assist their boy and you had the opportunity of, instead of showing him things that he need never of faced in life, certainly not from an adult role model. Instead, you chose to become involved with him in a way that all of society says is inappropriate, and the law says is inappropriate.

In the case of [J.W.], [J] may have been very willing. But you, through one connection or another sought him out. You paid for services. And knowing the type of boy that [J.W.] is, I'm sure that you had some real genuine, sincere feelings for the boy, but they were also motivated by wrong feelings and inappropriate feelings, which have certainly not helped [J.W.] at all. Nor have they helped you. And, again, you had the duty and obligation to say 'no' and you didn't do it. I doubt in [J.]'s case that you had to be the great aggressor, but on the other hand, from the very background of this case you became an aggressor.

I take into consideration as an aggravating certainty the age of both boys,

but in particular the [C.] boy, and I take into consideration as an aggravating factor the age of the defendant.

Mr. Browning, if I could send you to a rehabilitation program that I thought was going to do great benefit for you and society, even if it meant suspending all the sentence I could possibly suspend, I would do so. I think your steps of going to the Davis Clinic is—has been appropriate step [sic]. I wish it had been started earlier. I think the proposal that your counsel has made is a very worthy one for the Court to consider.

.     .     .     .     .

... I specifically find ... that the aggravating factors do outweigh the mitigating factors, in the nature of the offense, the age of the boy and the age of the defendant."

*Record* at 437–40.

Contrary to Browning's assertions, the trial court's thorough, well-reasoned statement was exemplary. Browning points only to the trial court's summary as inadequate, ignoring the pages of detailed explanation preceding that summary. We conclude the trial court sufficiently stated its reasons for the imposition of Browning's sentences.

■ The trial court also considered proper aggravating factors. It is well-established that the trial court may consider the particular circumstances of the elements of the crime, including the victim's age when the age is an element of the crime, as aggravating circumstances. *Stewart v. State* (1988), Ind., 531 N.E.2d 1146; *Townsend v. State* (1986), Ind., 498 N.E.2d 1198. The trial court's statement of reasons, including its focus on the fact that Browning violated a position of trust, contained sufficient aggravating circumstances to support the imposition of consecutive sentences. *See Tague v. State* (1989), Ind., 539 N.E.2d 480.

It is self evident from the trial court's lengthy statement that the "nature of the offense" to which the trial court referred in its summary was the fact that Browning had violated a position of trust. It is also apparent that Browning's age was considered relevant because his age allowed him to gain a greater position of trust, the violation of which the trial court then weighed more heavily. We cannot conclude the trial court's thoughtful analysis was inadequate, or that the trial court considered improper factors when it weighed the evidence. *See Tague, supra.*

■ The weighing of aggravating and mitigating circumstance is within the sound discretion of the trial court. *Sylvester v. State* (1990), Ind., 549 N.E.2d 37. Browning's arguments that the trial court improperly weighed his mitigating circumstances are simply requests for us to substitute our judgment for that of the trial court.

■ Similarly, Browning's contention that his sentence is manifestly unreasonable is also merely an invitation to reweigh the evidence. We will not conclude a sentence is manifestly unreasonable unless no reasonable person could find such sentence appropriate to the particular offense and offender for whom such sentence was imposed. *Guenther v. State* (1986), Ind., 501 N.E.2d 1071; Ind.Rules of Procedure, Appellate Rule 17(B)(2).

For his class B felony convictions, Browning could have received a total of 40 years of imprisonment (two 10 year sentences enhanced by 10 years, served consecutively). Ind.Code 35–50–2–5 (1988). Browning's twenty-year executed sentence, with six-years probation, is well within the statutory limit. Browning's sentence was authorized by statute, and we cannot conclude it was manifestly unreasonable. *Sylvester, supra; Guenther, supra.*

Browning's petition for rehearing is granted and his sentences are affirmed.

CONOVER, J., concurs.

SULLIVAN, J., dissents with opinion.

SULLIVAN, Judge, dissenting.

I concur in the decision of the majority to review the merits of Browning's claim of sentencing error. I dissent, however, from the majority's affirmance of the sentences.

The trial court did, as noted by the majority, give a lengthy statement with regard to balancing mitigating and aggravating factors. In the final analysis, however, it is clear that the court's sentences were the result of three aggravating factors: (1) the nature of the offense; (2) the age of the boy[s]; and (3) the age of the defendant.

One of the two boys here involved was age nine; the other was thirteen or fourteen. The age of the boys is clearly reflected in the felony classifications of the convictions, one a class B felony, the other a class C felony. Where, as here, the victim's age is a material element of the crime, it may not also constitute an aggravating circumstance. *Tague v. State* (1989) Ind., 539 N.E.2d 480; *Stewart v. State* (1988) Ind., 531 N.E.2d 1146. But see *Stanger v. State* (1989) 1st Dist.Ind.App., 545 N.E.2d 1105, in which the court implied that under some circumstances age, although an element of the crime, might be "particularly aggravating". 545 N.E.2d at 1119. In *Stanger*, as in *Tague* and *Stewart*, there were other aggravating factors separate and apart from the age of the victim. Here, in my view, there are no other appropriate or cognizable aggravators.

In specifying "the nature of the offense" it does not appear that the trial court was considering some particularly heinous circumstances surrounding the acts. Rather, it appears that the "nature of the offense", i.e. the act of child molesting, was considered to be, in and of itself, an aggravating circumstance. We have previously held that an enhanced sentence is not justified by merely alluding to "the nature of the offenses and the background [of the defendant]." *Hickman v. State* (1989) 2nd Dist. Ind.App., 537 N.E.2d 64.

The majority refers to the "nature of the offense" as dealing with violation of the position of trust as between Browning and the boys. I have grave doubt that there was a relationship of trust involved in the commercial sex arrangement between Browning and the older boy. Be that as it may, there is an element of trust or of fear in virtually every sexual relationship between an adult and a child. To this extent, therefore, it is inherent in the crime itself and should not be considered as an aggravating factor. See *Campbell v. State* (1990) 4th Dist.Ind.App., 551 N.E.2d 1164 (Sullivan, J. dissenting); *Linger v. State* (1987) 4th Dist.Ind.App., 508 N.E.2d 56.

I wholly fail to see how the age of the defendant, here twenty-seven, is in and of itself an aggravating factor. The trial court did not place that factor in any particular context and we are left to our conjecture as to how, if at all, Browning's age justifies the twenty-six year sentence.

Because I find no adequately stated aggravating circumstance, I would reverse and remand with instructions to resentence the defendant. *Day v. State* (1990) Ind., 560 N.E.2d 641.