Carl **MIDDLEBROOK**, Appellant–
Defendant,

v.

**STATE of Indiana**, Appellee–Plaintiff.

No. 49A05–9112–CR–402.

Court of Appeals of Indiana,
Fifth District.

June 11, 1992.

S. Sargent Visher, Choate Visher & Haith, Indianapolis, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Deana M. McIntire, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

BARTEAU, Judge.

The defendant-appellant, Carl Middlebrook, was convicted of child molesting and incest. His sole claim on appeal is that the sentence imposed by the trial court is unreasonable.

### FACTS

DM lived with her father from the age of nine until she was fourteen. She testified at trial that Middlebrook had molested her several times since she was nine or ten years old. In late November or early December of 1990, when she was fourteen years old, DM went to the hospital believing that Middlebrook had impregnated her. After examination, it was determined that she had been pregnant, but that the fetus had died.

NB, Middlebrook's stepdaughter, who also lived with Middlebrook, testified that Middlebrook had intercourse with her three times when she was between the ages of ten and eleven.

When Middlebrook was advised of the allegations against him, he waived his rights and gave a statement to Detective Michael Duke of the Indianapolis Police Department. In that statement Middlebrook admitted having intercourse with DM three times and also acknowledged that DM had been pregnant with his child. However, he denied any involvement with NB.

Middlebrook was charged with four counts of child molesting and one count of incest. He was found guilty by the trial court of two counts of child molesting, IC 35–42–4–3(b) and (c), both class C felonies, one count of child molesting, IC 35–42–4–3(d), a class D felony, and one count of incest, IC 35–46–1–3, also a class D felony.

He was sentenced to the presumptive five years, with three years added for aggravating circumstances, for each conviction of class C child molesting.[1] He was sentenced to the presumptive two years for

1. "A person who commits a class C felony shall be imprisoned for a fixed term of five years, with not more than three years added for aggravating circumstances and not more than three years subtracted for mitigating circumstances...." IC 35–50–2–6.

both the class D child molesting and the Class D incest convictions. All sentences are to run concurrently.

## DISCUSSION

■ This court will not revise a sentence authorized by a statute unless the sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender. Ind.Appellate Rule 17(B)(1); *Henley v. State* (1988), Ind., 522 N.E.2d 376, 380. A sentence is not manifestly unreasonable unless no reasonable person could find the sentence appropriate to the particular offense and offender for which the sentence was imposed. App.R. 17(B)(2); *Henley, supra.*

■ The trial court is vested with wide discretion to determine whether the presumptive sentence should be increased or decreased because of aggravating or mitigating factors. *Ellis v. State* (1991), Ind., 567 N.E.2d 1142, 1146. IC 35–38–1–7.1 contains a list of factors that the court must consider, and others that it may consider, in determining what sentence to impose for a crime. The court is not limited to the factors listed in the statute. It is free to consider other relevant factors relating to the specific facts of the crime and the defendant's character. IC 35–38–1–7.1(d); *Reinbold v. State* (1990), Ind., 555 N.E.2d 463, 469.

■ When enhancing a sentence due to aggravating circumstances, the factors used in making that determination must be listed in the record. *Gilley v. State* (1989), Ind., 535 N.E.2d 130. In this case, the trial court found as aggravating factors that these children were in a position of trust with the defendant and that the criminal acts occurred on multiple occasions.

In *Tague v. State* (1989), Ind., 539 N.E.2d 480, the victim was attacked by her father's cousin. Our supreme court held the fact that the defendant had been placed "in a position of unusual trust with the child" was a proper aggravating circumstance to

be considered in enhancing Tague's sentence. *Id.* at 483.

■ Based on *Tague*, we must conclude that a "position of trust" by itself constitutes a valid aggravating factor upon which the court could properly enhance Middlebrook's sentence. Only one valid aggravating factor need be shown to sustain the enhancement of a presumptive sentence. *Guenther v. State* (1986), Ind., 501 N.E.2d 1071, 1072. A reasonable person could conclude that the imposition of the maximum sentence of eight years for the offense of child molesting where the victims were defendant's daughter and stepdaughter is appropriate. *See also Pavey v. State* (1985), Ind.App., 477 N.E.2d 957.

■ Middlebrook argues that the court erred in failing to consider asserted mitigating circumstances, i.e., he cooperated with local law enforcement, presented no evidence in his defense at trial, and has a chemical dependency condition for which he is seeking treatment.

■ The trial court must consider the evidence of mitigating factors presented by a defendant, *Inman v. State* (1985), Ind., 482 N.E.2d 451; however, a finding of mitigating circumstances is not mandatory, but rather lies within the discretion of the trial court. *Aguirre v. State* (1990), Ind., 552 N.E.2d 473, 476. Further, there is no duty on the trial court to make an affirmative finding expressly negating each potentially mitigating circumstance. *Beatty v. State* (1991), Ind., 567 N.E.2d 1134, 1137.

■ When the stated aggravating circumstances are adequate to support an enhanced sentence, we will not assume that the trial court overlooked or failed to consider circumstances that the defendant claimed were mitigating simply because it failed to itemize them. Although it is preferred that the contentions of the defendant be acknowledged in sufficient detail as to reveal that they were taken into account, *Richardson v. State* (1983), Ind., 447 N.E.2d 574, 576, the trial court did not err in failing to find mitigating circumstances.

The sentence imposed by the trial court was clearly within the statutory limits, and in light of the facts of this crime and the particular aggravating circumstances found by the trial court, we are unable to find that the sentence was manifestly unreasonable. Therefore we find no error.

AFFIRMED.

SHIELDS and RUCKER, JJ., concur.