STATE OF INDIANA *v.* WILLIAM JOSEPH KUCZYNSKI

[No. 1-377A50. Filed September 8, 1977.]

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for appellant.

ROBERTSON, C.J. — The plaintiff-appellant State raises two issues regarding the sentencing of the defendant-appellee Kuczynski.

Kuczynski was found guilty of Second Degree Burglary by a jury on September 9, 1976. Sentencing was set for October 8th, at which time the court stated its intentions regarding the sentence and then continued the matter until November 19th. Kuczynski was sentenced to from two to five years, with all but one year suspended.

The State first argues that sentencing was not done within the thirty days specified by IC 1971, 35-8-1A-2 (Burns Code Ed.) and required by Ind. Rules of Procedure, Criminal Rule 11 (CR. 11). We do not agree for two reasons.

First, the record plainly relates several acknowledgments by the State at the November 19th hearing that sentencing was accomplished on October 8th. This, in our view, constitutes a waiver of the issue. Second, the record further reveals substantial compliance by the trial court with the prescribed CR. 11 sentencing ritual at the October 8th hearing. The trial judge, in our opinion, merely postponed execution of the sentence so that the terms and conditions of probation could be fixed with certainty.

The State's second issue questions the trial court's authority to suspend only a portion of the sentence for the reason that the then existing statute relating to suspended sentences, IC 1971, 35-7-1-1 (Burns Code Ed.), did not expressly allow such a procedure. The State, citing *State ex rel Gash v. Morgan County Superior Court* (1972), 258 Ind. 485, 283 N.E.2d 349, argues that the suspension of sentences and the revocation thereof is strictly governed by statute.

In defining the parameters of judicial authority in sentencing, we observe that there is no serious objection to the proposition that, under the facts of this case, the trial judge could have properly suspended all or none of the sentence pursuant to IC 1971, 35-7-1-1 (Burns Code Ed.). *See: Grzesiowski v. State* (1976), 168 Ind. App. 318, 343 N.E.2d 305.

Furthermore, the then existing IC 1971, 35-7-2-1 (Burns Code Ed.) permits the trial court to impose conditions on probation "as it may deem best." Given the general rules states in *Ewing v. State* (1974), 160 Ind. App. 138, 310 N.E.2d 571, that probation, if granted, should serve the best interests of society and the individual and that a trial judge has "... broad power to impose conditions designed to serve the accused and the community ...", we cannot condemn the trial court's action in this case.

If the requirement that Kuzcynski serve a year in prison is viewed as a condition of probation, any error that may exist is minimized, especially when one considers that no error would have existed if all or none of the sentence was served.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE—Reported at 367 N.E.2d 8.