**Gene H. HACK, Appellant (Defendant Below),**

**v.**

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 1–1181A338.**

Court of Appeals of Indiana, First District.

July 14, 1982.

Rehearing Denied Sept. 9, 1982.

Charles L. Berger, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Judge.

Appellant, Gene Hack, appeals his conviction of burglary, a Class C felony.

We affirm.

The facts most favorable to the decision show that on December 21, 1980, at approximately 7:15 p.m., Officer Richard Alvey of the Evansville police department observed a man break and enter Walt's Sunoco Service Station. The station had been closed since 6:00 p.m. that evening. Officer Alvey saw the man roll out of a parked car in front of the station, kick out a panel of the overhead door, and enter the building. These events were observed by Officer Alvey as he waited in his vehicle for the green light at the intersection where Walt's station is located. Officer Alvey pulled into the station and told the man to come out. Officer Alvey was off duty and out of uniform at this time. A man, identified as Gene Hack, came out of the building wearing gloves and holding a flashlight. Officer Alvey then arrested Hack and took him into custody.

On appeal Hack argues that the trial court erred in refusing his jury instruction No. 1. This instruction would have charged the jury that the presumption of innocence operates as evidence in favor of the defendant. In considering whether the trial court erred in refusing to give an instruction we must determine: (1) whether the tendered instruction correctly states the law; (2) whether there is evidence in the record to support the giving of the instruction; and (3) whether the substance of the tendered instruction is covered by other instructions. *Richey v. State* (1981) Ind., 426 N.E.2d 389.

We agree with the State on this issue and consider *Underhill v. State* (1981) Ind., 428 N.E.2d 759 to be controlling. In *Underhill*, appellant was convicted of escape while armed with a deadly weapon and of being an habitual offender. On appeal, he assigned as error the trial court's refusal to give an instruction like the one proposed in the case at bar. The Indiana Supreme Court rejected appellant's argument and stated:

The presumption of innocence accorded each defendant is not "evidence" to support the innocence of the accused. Rather, it is merely a rule of law which describes the bare point from which the jury must begin its assessment of the evidence and its deliberations thereon. It is in this latter conceptual sense that the jury must understand and apply the pre-

sumption of innocence. (citations omitted)

*Id.* at 767.

Consequently, Hack's proposed instruction No. 1 is an incorrect statement of the law in Indiana. Also, it should be noted that presumption of innocence was adequately explained in the court's instructions No. 5 and No. 9. Thus, there is no error in the trial court's refusal of Hack's instruction No. 1.

. The next argument propounded by Hack is that criminal trespass, Ind.Code 35–43–2–2, is a lesser included offense of burglary and as such he was entitled to have a jury instruction on the lesser included offense. Hack contends that the trial court's refusal to submit these instructions to the jury constitutes reversible error.

Recently our Supreme Court has applied the test set out by Judge Staton in *Roddy v. State* (1979) Ind.App., 394 N.E.2d 1098 for determining whether the jury should have been instructed on a lesser included offense. *See Goodpaster v. State* (1980) Ind., 402 N.E.2d 1239. The test employs a two step methodology for determining what constitutes a lesser included offense. Basically, there are two kinds of lesser included offenses, the first being an inherently included offense where the elements of the lesser offense are necessarily committed during the commission of the charged offense. Inherently included offenses are those defined by the traditional test set forth in Ind.Code. 35–41–1–2. According to the above statute, a lesser included offense "[i]s established by proof of the same material elements or less than all the material elements required to establish the commission of the offense charged."

The second type of included offense under the *Roddy* analysis, is a possibly included offense where the elements of the lesser offense, by virtue of the manner and means allegedly employed in the commission of the charged crime, are alleged in the charging instrument. Thus, even if it were possible to commit the charged crime without first committing the lesser crime, a defendant can properly be convicted of the lesser crime if the facts as alleged in the charging instrument correlate with the elements of the lesser offense.

It is necessary to examine the two statutes creating the offenses. The burglary statute Ind. Code 35–43–2–1 at the time of Hack's conviction read as follows:

Burglary.—A person who breaks and enters the building or structure of another person, with intent to commit a felony in it, commits burglary, a class C felony. However, the offense is a class B felony if it is committed while armed with a deadly weapon or if the building or structure is a dwelling, and a class A felony if it results in either bodily injury or serious bodily injury to any other person. [IC 35–43–2–1, as added by Acts 1976, P.L. 148, § 3, p. 718; 1977, P.L. 340, § 42, p. 1533.][1]

The elements of a class C burglary are the (1) breaking and (2) entering of (3) the building or structure (4) of another (5) by one who intends to commit a felony therein.

Hack's instruction No. 4 relating to section (a)(4) of the criminal trespass statute reads as follows:

### DEFENDANT'S INSTRUCTION NO. 4

The crime of criminal trespass is defined by statute as follows:

"A person who knowingly or intentionally interferes with the possession or use of the property of another person without his consent, commits criminal trespass, a Class A Misdemeanor."

The State must prove to you beyond a reasonable doubt that the defendant knowingly or intentionally interfered with the possession or use of the property of another person, without the other person's consent.

If the State failed to prove each of these elements beyond a reasonable doubt, the defendant should be found not guilty.

the end of the section.

---

1. The 1982 amendment substituted "person other than a defendant" for "other person" at

If the State did prove each of these elements beyond a reasonable doubt, you should find the defendant guilty of criminal trespass, a Class A Misdemeanor.[2]

Instruction No. 5 relating to subsection (a)(1) of the statute reads as follows:

DEFENDANT'S INSTRUCTION NO. 5

You are instructed that included in the offense of Burglary, a Class C Felony, is the lesser included offense of criminal trespass, which is defined by statute as follows:

"A person who, (not having a contractual interest in the property), knowingly or intentionally enters the real property of another person after having been denied entry by the other person or his agent commits criminal trespass, a Class A Misdemeanor."[3]

It is clear from a reading of the elements that criminal trespass under Ind.Code 35–43–2–2(a)(4) or (a)(5) is not an inherently included offense of burglary. The material elements of a criminal trespass under section (a)(4) of the statute are: (1) knowing or intentional (2) interference with (3) the possession or use (4) of another's property (5) without consent. Our supreme court addressed this issue in *Estep v. State* (1979) Ind., 394 N.E.2d 111. Where it stated:

It is not necessary for the break and the entry proscribed by the burglary statute to interfere with the possession or use of another's property. Obviously if an intent to commit a larceny requisite to a burglary came to fruition, the larceny would be such an interference. However, a burglary is committed when a break and entry is effected with intent to commit a felony. Whether or not the intended felony is accomplished is immaterial. *Id.* at 114.

The material elements of criminal trespass under section (a)(1) are: (1) knowing

or intentional (2) entry onto (3) the real property of another (4) after having been denied entry (5) by a person who has no contractual interest in the property. Although, an entry incidental to a burglary may be a trespass under I.C. 35–43–2–2(a)(1), it does not necessarily have to be. *Estep v. State, supra.* A lack of contractual interest in the property is a required element of trespass, but not of burglary. Thus, it is possible to burglarize a dwelling or building in which one has a contractual interest. Consequently, the crime of criminal trespass under section (a)(1) or (a)(4) is not an inherently included offense of the crime of burglary.

We next determine whether a criminal trespass was an included offense of the burglary alleged in this case. This requires an examination of the factual allegations contained in the charging instrument. The charging information in this case alleges:

"That Gene Hack . . ., on or about the 21st day of December, 1980 . . ., did break and enter the building and structure occupied by Walt Widmer d/b/a Walt's Sunoco, situated at U. S. Highway 41, in the City of Evansville, County of Vanderburgh, State of Indiana, with the intent to commit a felony therein, to-wit: Theft, all in violation of I.C. 35–43–2–1.

It is clear that the State intended to allege burglary, and none of its possibly included offenses, in the charging information. The information mentions nothing about the "contractual interest" element found in subsection (a)(1) of the criminal trespass statute. Nor is any mention made of interference with the possession or use of the victim's property. The exclusion of these criminal trespass elements in the charging information reflects the State's desire to prosecute only the burglary charge.

---

**2.** 35 43 2 2. Criminal trespass—(a) A person who: (1) Not having a contractual interest in the property, knowingly or intentionally enters the real property of another person after having been denied entry by the other person or his agent; . . . .

**3.** 35–43–2–2. Criminal trespass—(a) A person who: . . . (4) *Knowingly or intentionally interferes with the possession or use of the property of another person without his consent;* . . . .

In this case, proof of a criminal trespass under section (a)(1) or (a)(4) was not required to gain a conviction for burglary. Therefore, criminal trespass is not an "inherently included offense" or a "possibly included offense" as described in *Roddy v. State, supra.* We conclude that the trial court properly refused Hack's tendered instructions.

The only remaining avenue through which Hack could have properly gained acceptance of his instructions, is if there had been evidence of probative value introduced at trial sufficient to have found him guilty of a lesser included offense. *See Goodpaster v. State, supra* at 1243. Here, we find substantial evidence supporting the elements of burglary.

Officer Alvey testified that he observed Hack break into the closed service station. Alvey coaxed Hack out of the storeroom area, where the money was located. The owner testified that he had not given Hack permission to break into the station. The evidence leads to an inference that the breaking was done with the intent to commit a felony. Furthermore, there was no evidence presented concerning a contractual relationship or inference with the use of property as set out in the criminal trespass statute. Thus, the evidence did not warrant the giving of the tendered instructions and the trial court properly refused to do so.

The last error claimed by Hack is that the trial court erred in imposing a five year sentence on his burglary conviction. The determination of how much time should be added to a convicted person's sentence for aggravating circumstances and whether certain factors should be considered are questions entirely within the discretion of the trial court. *Evans v. State* (1979) Ind.App., 393 N.E.2d 246; *Collins v. State* (1980) Ind.App., 422 N.E.2d 1250. The decision of the trial court will be reversed only upon a showing of an abuse of discretion. *Evans v. State, supra.*

The facts most favorable to the decision show that on March 9, 1981, Hack offered his intent to plead guilty to the crime as charged. On April 6, 1981, Hack entered his plea of guilty and the court, upon accepting the State's recommendation, sentenced Hack to a 3½ year prison term. On May 15, 1981, Hack moved to withdraw his plea and the State moved to withdraw its sentencing recommendation. On June 29, 1981 the jury found Hack guilty. The trial court imposed a five year sentence finding as aggravating circumstances the fact that Hack had a prior felony conviction and that he had a felony charge pending against him at the time of the sentencing. The trial court also ordered that two hundred days be given for time already served and two hundred days for good time.

Hack argues that the imposition of a five year sentence was unconstitutional. The State maintains that the trial court merely exercised its discretion in weighing the aggravating and mitigating circumstances. The criteria used in sentencing are listed in Ind.Code 35–50–1A–7.[4] The statute expressly provides that the trial court is not limited only to those factors listed. "A trial judge may consider almost any relevant information in determining what sentence to invoke." *Yates v. State* (1982) Ind.App., 429 N.E.2d 992, 993.

Allowing Hack to withdraw his guilty plea was within the sound discretion of the trial court. *Hewitt v. State* (1980) Ind.App., 403 N.E.2d 882. Hack argues that he should not be penalized for withdrawing his guilty plea. At the same time though, the trial court may consider any circumstances it feels are relevant in sentencing a defendant. Hack's prior conviction is certainly relevant. Also, his decision to withdraw his guilty plea could be seen as a lack of remorse, which in turn, could be viewed by the trial court as increasing the risk that he would commit another crime. *See Williams v. State* (1979) Ind., 393 N.E.2d 149; *Coleman v. State* (1980) Ind.App., 409 N.E.2d 647. We agree with the State and feel that the trial court should

---

4. See Ind.Code 35 50 2 6 for an explanation of sentencing in regard to Class C felonies.

not be restricted to the sentence imposed upon a guilty plea when sentencing him anew upon a jury verdict of guilty.

Judgment affirmed.

RATLIFF, P. J., and NEAL, J., concur.