**James H. McCLOUD, Sr., Appellant-Defendant,**

v.

**STATE of Indiana, Appellee-Plaintiff.**

**No. 4–383A70.**

Court of Appeals of Indiana, Fourth District.

Aug. 29, 1983.

Charles D. Hankey, Indianapolis, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Lee Cloyd, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

CONOVER, Presiding Judge.

James McCloud (McCloud) appeals his conviction following a bench trial of conspiracy, Ind.Code 35–41–5–2, and restitution as a condition of probation.

We affirm.

ISSUES

This appeal presents the following three issues:

1. Whether the trial court erred in allowing the prosecutor to amend the information the day of trial.

2. Whether the evidence was sufficient to support the conviction.

3. Whether the trial court erred in requiring McCloud to make partial restitution as a condition of probation.

FACTS

McCloud worked for a Borden plant which bottled and distributed milk and other products. Jerry Ayres (Ayres), a neighbor, noticing McCloud sometimes returned from work with a substantial quantity of Borden products, arranged a deal with Eugene Dobbins (Dobbins) to distribute the products McCloud took from Borden's. Dobbins would leave a truck at Ayres's property for several days. McCloud would steal Borden products and load them into Dobbins's truck. Ayres then would pay McCloud about $1.00 per gallon for milk charging Dobbins a somewhat higher price therefor.

Borden began investigating its inventory losses, and McCloud's possible involvement. Later, McCloud and Ayres went to Dobbins's home and told him he might be inter-

rogated about Borden's inventory losses. Dobbins told them he did not want to be involved with distributing "hot" milk, and withdrew from the arrangement.

McCloud subsequently was discovered with several empty milk container cases in his truck parked at the plant. He was discharged and criminal charges brought against him.

The court allowed the prosecutor to amend the information to allege the conspiracy occurred between October, 1981, to December, 1981, rather than from October, 1982, to December, 1981, as it originally appeared. McCloud was found guilty. The court sentenced him to two years in custody of the Indiana Department of Correction, and fined him $1,000. The sentence was suspended and McCloud was placed on probation, with one condition being he make partial restitution of $2,400 to Borden.

## DISCUSSION AND DECISION

### I. Amendment of the Information

McCloud argues the trial court committed reversible error by allowing the prosecutor to amend the charging information at the beginning of trial. The State argues the erroneous dates were an insignificant defect, and amendment of the information did not prejudice McCloud.

We agree with the State.

■ The information alleged an impossible time period for the conspiracy. Documents available to McCloud stated the correct dates. Moreover, the record shows McCloud presented a vigorous defense concerning his activities while at Borden in the fall of 1981.

Our Legislature has provided an information shall not be dismissed, but may be amended on motion of the prosecution at any time because of any immaterial defect, including any "miswriting". Ind.Code 35–3.1–1–5(a)(1) [now IC 35–34–1–5(a)(1)]. Where no confusion or prejudice to the defendant is shown, it is proper to permit amendment of documents used by the prosecutor during trial. See, Thurman v. State, (1974) 162 Ind.App. 267, 273–74, 319 N.E.2d 151, 155. This rule was codified in Ind.Code 35–3.1–1–5(c) [now IC 35–34–1–5(c)]. McCloud was not prejudiced by such amendment.

■ McCloud also contends the amended information was not valid because it was not signed by the prosecutor. He cites Ind. Code 35–3.1–1–5(b) [now revised and recodified at IC 35–34–1–5(b)] to support this position. However, that statute applied only when the indictment or information was amended before arraignment. The information in this case was amended during trial. Thus, IC 35–3.1–1–5(b) was not applicable.

### II. Sufficiency of the Evidence

McCloud argues the evidence was not sufficient to support the verdict because

(a) there was no direct evidence of an agreement between Ayres and McCloud to commit theft,

(b) Ayres only testified McCloud stated he could "get it" (products) from Borden,

(c) whether McCloud was paying Borden "was left totally unsaid",

(d) he could not have taken products from the area he worked because of company security precautions, and

(e) inventory losses continued after he was discharged.

McCloud also attacks Ayres's credibility on the basis Ayres previously has been convicted of a felony.

■ On review of sufficiency questions, this court will not re-weigh evidence nor judge the credibility of witnesses. Only evidence of probative value most favorable to the State will be considered, along with all reasonable inferences to be drawn therefrom. Adcock v. State, (1981) Ind.App., 421 N.E.2d 723, 725; Perry v. State, (1980) Ind. App., 401 N.E.2d 792, 794. Justice Pivarnik applied these principles to an appeal from a conspiracy conviction in Williams v. State, (1980) Ind., 409 N.E.2d 571, 573:

In addition this Court has explained conspiracy in various terms. We stated in Kelley v. State, (1936) 210 Ind. 380, 394, 3 N.E.2d 65, 72, that there must be

an agreement, in the sense of a common purpose and understanding, to commit the intended felony, by joining at its formation or by participating in it after it has been formed. It is sufficient if the minds of the parties meet understandingly to bring about an intelligent and deliberate agreement to commit the offense, even though the agreement is not manifest by any formal words. To prove a conspiracy, the prosecution does not need to show a formal arrangement or the parties' use of specific words. A conviction may rest on circumstantial evidence alone; while evidence of a mere relationship or association is not sufficient, a conspiracy may be inferred from acts of the parties in pursuance of an apparent criminal purpose they have in common. (Citations omitted.)

Applying our well-established standard of review in light of *Williams,* we believe the trial court could have inferred from the evidence presented by the State a conspiracy between McCloud and Ayres began in October and continued through the fall of 1981. Although conflicting evidence was presented and the State's case was based on circumstantial evidence, the trial court could have found McCloud and Ayres agreed to steal and distribute Borden products, and McCloud unlawfully took products from Borden's plant as part of the scheme.

### III. Restitution

McCloud contends the trial court erred in requiring him to make restitution of $2,400 as a condition of being placed on probation. The State responds by arguing restitution was within the trial court's discretion.

We agree with the State.

■ McCloud relies on *Rife v. State,* (1981) Ind.App., 424 N.E.2d 188, 192, and *Barnett v. State,* (1981) Ind.App., 414 N.E.2d 965, 966. However, those cases only held restitution cannot be ordered as a condition of a *sentence* for a crime, where the sentencing statute does not authorize restitution as a penalty. When restitution is ordered as a condition of *probation* entirely different concerns are involved.

Ind.Code 35–7–2–1(5) provides a trial court may require a probationer to make restitution or reparation to the victim of his crime for damage or injury sustained. The grant of probation and its conditions are in the discretion of the sentencing judge:

> "The sentencing judge has a broad power to impose conditions designed to serve the accused and the community. The only limitation is that the conditions have a reasonable relationship to the treatment of the accused and the protection of the public. The object, of course, is to produce a law abiding citizen and at the same time to protect the public against continued criminal or antisocial behavior."

*Porth v. Templar,* (10th Cir.1971) 453 F.2d 330, 333, quoted in *Ewing v. State,* (1974) 160 Ind.App. 138, 146–47, 310 N.E.2d 571, 577. Accord, *State ex rel. Sufana v. Lake Superior Court,* (1978) 269 Ind. 466, 472, 381 N.E.2d 475, 478; *Downs v. State,* (1977) 267 Ind. 342, 351, 369 N.E.2d 1079, 1083; *Farmer v. State,* (1971) 257 Ind. 511, 275 N.E.2d 783, 785–86; *Rife v. State, supra,* 424 N.E.2d at 192; *Duncanson v. State,* (1979) Ind.App., 391 N.E.2d 1157, 1164; *Culley v. State,* (1979), 179 Ind.App. 345, 385 N.E.2d 486, 488; *State v. Kuczynski,* (1977) 174 Ind.App. 215–216, 367 N.E.2d 8, 9–10.

McCloud argues restitution was inappropriate and an abuse of discretion because, unlike theft, the crime of conspiracy does not have a "victim". Therefore, he argues, the trial court's order confused the crimes of theft and conspiracy and was an abuse of discretion.

■ While in other circumstances we might agree restitution is an inappropriate condition following a conspiracy conviction, in this case there was substantial evidence McCloud unlawfully removed Borden products from the plant in support of the conspiracy he had begun with Ayres. In order to support its case, the State had to establish McCloud agreed to commit theft from Borden and did in fact take Borden's products as an overt act in furtherance of the conspiracy. *Cf. Heiny v. State,* (1980) Ind.

App., 405 N.E.2d 548, 550 (conspiracy to commit burglary; identity of building's owner or lawful possessor must be established).

Therefore, under the facts of this case, we believe the trial court appropriately considered Borden a "victim of the crime" for purposes of IC 35–7–2–1(5) and acted within its discretion in ordering McCloud to pay restitution as a condition of probation.

Judgment affirmed.

MILLER and YOUNG, JJ., concur.