Samuel VALENTIN, Appellant,

v.

STATE of Indiana, Appellee.

No. 49S00–8809–CR–809.

Supreme Court of Indiana.

March 6, 1991.

Belle T. Choate, Choate Visher & Haith, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of Count VII, Robbery, a Class A felony; Count VIII, Conspiracy To Commit Kidnapping, a Class A felony; Count IX, Kidnapping, a Class A felony; Count XI, Murder In The Commission of A Robbery; and Count XII, Murder In the Commission of Kidnapping. The trial court sentenced appellant on Count VII to fifty (50) years, on Count VIII to thirty (30) years, Count IX merged with Count XII, and Count XII to sixty (60) years with the sentences to run consecutively. As to Count XI, no sentence was imposed because appellant would have been sentenced twice for the same murder. This is a companion case to *Concepcion v. State* (1991), Ind., 567 N.E.2d 784.

The facts are: On July 23, 1986, appellant and Freddie Concepcion met Antonio Noyas at the Wheeler Mission in Indianapolis. During their stay at the mission, the three spent most of their time together.

On July 27, 1986, William Lanum, Sr., the victim in this case, went to the grocery store at approximately 10:00 p.m. When he did not return, William, Jr. went in search of him. When he was unable to locate his father, he called the police. He and his friend, Ken Davis, continued the search.

Approximately an hour and a half later he discovered his father's van at the Rodeway Inn. Upon approaching the van, he noticed two individuals in the front of the van. While he questioned the individuals as to the whereabouts of the owner, Davis called the police. During this time, William, Jr. was able to observe these two individuals.

Approximately five minutes later, a security guard arrived at the scene and shined a flashlight into the van. Three individuals were in the van, and William, Jr. again was able to observe the individuals. Within a few moments, a Marion County Sheriff's vehicle arrived. The driver in the van told William, Jr. to drop his weapon. William, Jr. then ran along the side of the van and warned the officers that the individuals in the van had weapons. Gunfire erupted between the police, William, Jr., and the individuals in the van. The driver of the van started the vehicle and fled the scene.

Officer Donna Pierce of the Indianapolis Police Department received a radio communication about the shooting and was informed that a blue van was involved. As she was travelling eastbound on 21st Street, she spotted the van going in the opposite direction. She immediately turned her vehicle around, gave chase, and eventually found the van where it had wrecked. The police officers started a search of the area and eventually found Noyas hiding in a closet in a nearby house. Police with their K–9 dogs searched in the area and found appellant and Concepcion. A search of the area where appellant and Concepcion were found led to the discovery of two handguns and a billfold belonging to Lanum.

Upon searching the van, the body of Lanum was found near the back of the van. Two pair of handcuffs and a white cord were found inside the van. An autopsy revealed that Lanum had been handcuffed as well as blindfolded and was killed by two gunshot wounds to the back of the head. Several rings and money were found inside the van. When appellant was arrested, he had $205 in his pockets.

Following his arrest, a statement was taken from appellant in which he admitted his participation in the crime with codefendants Concepcion and Noyas. His statement also included another robbery and the murder of a cab driver, Paul Reeves, which took place the day before Lanum's murder. The cab driver had been handcuffed and

killed by a gunshot wound to the back of his head.

■ Appellant first contends the trial court erred in overruling his motion to sever the charges. Appellant moved, pursuant to Ind.Code § 35–34–1–11, to sever various counts in the information filed against him. He was charged with fourteen counts concerning the robbery, kidnapping and murder of Lanum, and also the murder of Reeves. He sought to sever the counts concerning the murder of Reeves from those concerning Lanum.

Appellant was convicted on Counts VII, VIII, IX, XI, and XII concerning Lanum and was acquitted on all of the remaining counts. Appellant argues that because the jury considered evidence of the other charged crimes in rendering its decision, it was likely that the jurors were influenced in reaching their guilty verdicts by evidence presented regarding the other crimes. He claims the jury wished to punish him for his acts even though the evidence of the acts was not sufficient to support a guilty verdict for each crime charged.

Indiana Code § 35–34–1–11(a) provides:

"Whenever two (2) or more offenses have been joined for trial in the same indictment or information solely on the ground that they are of the same or similar character, the defendant shall have a right to a severance of the offenses. In all other cases the court, upon motion of the defendant or the prosecutor, shall grant a severance of offenses whenever the court determines that severance is appropriate to promote a fair determination of the defendant's guilt or innocence of each offense considering:

(1) the number of offenses charged;
(2) the complexity of the evidence to be offered; and
(3) whether the trier of fact will be able to distinguish the evidence and apply the law intelligently as to each offense."

Appellant claims the crimes were joined only because they were of the same or similar character.

This Court has stated that where charges are joined solely on the ground that they are of the same or similar character, the accused has an absolute right to a severance of the offenses. *See Davidson v. State* (1990), Ind., 558 N.E.2d 1077; *Abner v. State* (1985), Ind., 479 N.E.2d 1254.

Appellant argues he was charged with crimes that occurred on two separate days, against two individuals having no causal relation with each other, and while both series of crimes are similar in character, the crimes are not part of the same conduct or series of acts connected together or constituting part of a single scheme or plan allowing for a joinder under the statute.

Prior to trial, the State filed an objection to the motion to sever arguing the charges concerning the victims should be tried jointly because they reflected a series of acts connected together and constituted part of a single scheme or plan. The testimony presented at trial shows that appellant and Concepcion met Noyas and the three entered into a plan to commit several robberies. The victims both were robbed and killed in the same manner. The money was equally divided among the three men. Prior to the second murder, they discussed robbing again to obtain additional money. The State contends the charges were not joined solely because they were of the same or similar character.

In determining whether severance was proper, the trial court needs to take into consideration the number of offenses charged, the complexity of the evidence to be offered, and whether the trier of fact would be able to distinguish the evidence and apply the law intelligently as to each offense. *See* Ind.Code § 35–34–1–11(a); *Moore v. State* (1989), Ind., 545 N.E.2d 828. The evidence as presented to the jury was not complex but instead revealed direct evidence of the events culminating with the shoot-out with the police and the capture of the three men. The jury did acquit appellant of all counts regarding Reeves. This indicates they were capable of separating the evidence and applying the law intelligently. *See Burst v. State* (1986), Ind.

App., 499 N.E.2d 1140. If it is determined that severance is not required as a matter of right, then it is within the trial court's discretion to determine whether severance of the offenses was proper. *Moore, supra.*

From the facts presented, we find no abuse of discretion by the trial court in denying the motion for severance.

■ Appellant contends the trial court erred in conducting *voir dire* by failing to allow appellant to ask additional questions of prospective jurors based upon their impressions and attitudes regarding the death penalty and for failing to allow appellant additional questions to prospective jurors when it was learned that Marion County Prosecutor Stephen Goldsmith would be viewing the trial at intermittent intervals.

In *Games v. State* (1989), Ind., 535 N.E.2d 530, 538, *cert. denied,* — U.S. —, 110 S.Ct. 205, 107 L.Ed.2d 158 we stated:

"We have recognized that the purpose of *voir dire* is to determine whether a prospective juror can render a fair and impartial verdict in accordance with the law and the evidence. *Murphy v. State* (1984), Ind., 469 N.E.2d 750. The trial court has broad discretionary powers to regulate the form and substance of *voir dire,* and it will be reversed only upon a showing of manifest abuse of such discretion and a denial to the defendant of a fair trial. *Marbley v. State* (1984), Ind., 461 N.E.2d 1102."

With regard to appellant's first contention, we note that the record does not contain the jury *voir dire.* Without such a record, it is impossible for this Court to determine whether additional questions should have been allowed. Thus no error has been presented. *Maxie v. State* (1985), Ind., 481 N.E.2d 1307; *Partlow v. State* (1983), Ind., 453 N.E.2d 259, *cert. denied,* 464 U.S. 1072, 104 S.Ct. 983, 79 L.Ed.2d 219.

Appellant's second contention is that by having Prosecutor Goldsmith present during the trial, the jurors' attention could be drawn to the witness testifying at that time and emphasize the importance of that testimony. Therefore counsel sought permission to conduct *voir dire* of the potential jurors to determine whether Goldsmith's presence would influence the jurors. Appellant in his brief does no more than allege an abuse of discretion on the part of the trial court. Nowhere does he show any resulting prejudice. In absence of such prejudice, there can be no abuse of discretion. As stated above, the record is devoid of any *voir dire* questioning which would have shed some light on appellant's concern. In the absence of such, we have nothing to review. We find no error.

Appellant contends the trial court erred in giving numerous instructions and in refusing other instructions. He claims the trial court erred in refusing to give his following tendered instructions: No. 1 on Flight; No. 3 on Circumstantial Evidence; No. 10, Elements of Robbery; No. 11, Conspiracy; No. 12, Kidnapping; No. 14, Murder in the Commission of Robbery; No. 15, Murder in the Commission of Kidnapping; No. 18, that jurors not be swayed by sympathy; and No. 19, conspiracy with respect to the acts of a co-conspirator. Each of these instructions was properly covered by instructions which were given by the trial court. *See Lopez v. State* (1988), Ind., 527 N.E.2d 1119; *Travis v. State* (1986), Ind., 488 N.E.2d 342.

■ Appellant claims the following instructions given by the trial court were erroneous. He claims Final Instruction No. 70 was erroneous because it purported to instruct the jury that one of the elements of a conspiracy was that the perpetrators had performed "an overt act toward the carrying out of the conspiracy." He claims that the instruction should have told the jury that they must find that the co-conspirators carried out the specific overt act alleged in the charge. He cites *McCloud v. State* (1983), Ind.App., 452 N.E.2d 1053, *reh'g denied,* 456 N.E.2d 751 and *Hack v. State* (1982), Ind.App., 437 N.E.2d 486.

We first note that the conspiracy statute merely requires the State to prove an overt act. *See* Ind.Code § 35–41–5–2. *See also Whittle v. State* (1989), Ind., 542 N.E.2d

981. Appellant's reliance on *McCloud* and *Hack* is misplaced. *Hack* does not concern a conspiracy charge but passes on what elements are necessary for the State to plead and prove in order to incorporate included offenses. The rehearing opinion in *McCloud* explains language contained in the original opinion concerning the proof of overt acts in the perpetration of a conspiracy. In *McCloud* the Court observed that the State was required to allege and prove overt acts or an overt act. There, as in the case at bar, the Court pointed out that the State in fact did allege an overt act and in fact did prove that act.

In the case at bar, the State alleged that the overt act in carrying out the conspiracy to rob and murder Lanum was that they did by use of a handgun place him in fear, take from him certain property, and then force him into a van owned and operated by him. As in the *McCloud* case, the specific overt acts in fact were pleaded and proved. We see no error in the wording of this Court's instruction.

■ Appellant claims the court's Instruction No. 21 should not have been given because it conflicted with Instruction No. 21A which was a better statement of the law and that the giving of both instructions tended to confuse the jury. However, he fails to tell us why this would lead to confusion. Both instructions concern conspiracy and what is necessary to establish proof of agreement. We see nothing wrong with either instruction. Appellant excuses his failure to tender an instruction on this subject with the observation that Instruction 21A was "apt and complete." Under these circumstances, we see no reversible error.

■ Appellant contends the trial court erred in sentencing him on both Counts VII and XI, claiming Count VII is a lesser-included offense of Count XI. In Count VII, appellant was charged with the robbery of Wayne Lanum, Sr. while Count XI charged appellant with the murder of Wayne Lanum, Sr. during the commission of a robbery. As the State correctly indicates in its brief, a defendant cannot be sentenced for both felony murder and its underlying felony. *See Huffman v. State* (1989), Ind., 543 N.E.2d 360, *cert. denied*, —— U.S. ——, 110 S.Ct. 3257, 111 L.Ed.2d 767. In the instant case however, appellant was sentenced to a term of fifty (50) years for the robbery charged in Count VII, but did not receive a sentence for the felony murder count in Count XI. Thus no error occurred. *See Smith v. State* (1989), Ind., 547 N.E.2d 817.

■ Appellant contends the trial court made various errors with regard to the sentence imposed. He contends the sentence is unfair because the injuries taken into consideration for Count VII were also the basis for his sentence on Count XII. Count VII charged the robbery of Lanum and the serious bodily injury alleged therein was the infliction of gunshot wounds to the head while Count XII was the murder of Lanum during the commission of a kidnapping, in which mortal gunshot wounds were inflicted to the head of Lanum.

Appellant correctly observes that the Class A felony sentence for Count VII cannot stand since the same injuries are used to enhance the robbery charge and the felony murder charge. *See McDonald v. State* (1989), Ind., 542 N.E.2d 552 and *Flowers v. State* (1985), Ind., 481 N.E.2d 100. The record is devoid of any facts which show that the victim was subject to any serious bodily injury during the robbery. Evidence shows that the fatal shots were inflicted during the kidnapping. Therefore the robbery charge should be reduced to a Class B felony.

■ Appellant contends the trial court did not properly consider and evaluate all mitigating factors when sentencing him. However, in reviewing appellant's brief, he fails to reveal what factors he considers to be mitigating and what factors were overlooked by the trial court. A finding of mitigating factors, however, is not mandatory but rests within the sound discretion of the trial court. *Henley v. State* (1988), Ind., 522 N.E.2d 376. In the instant case, the trial court did consider as mitigating factors appellant's upbringing and his drug problem. Because the trial court did dis-

cuss mitigating factors, we cannot say that it overlooked the mitigating portion of the sentencing determination. We find no error.

■ Appellant also claims sentencing error in that the trial court considered the counts of the information on which appellant had been acquitted. In support of his argument, he cites *Fugate v. State* (1987), Ind.App., 516 N.E.2d 75. The record in the instant case shows that the trial court did consider the presentence investigation report but stated with regard to the charges on which appellant had been acquitted:

"And I do not consider the Reeves' case in pronouncing this sentence because you were acquitted on that and yet the facts have come out in this trial and as by your own statements come into evidence do give light as to your intentions and your activities involving the Lanum robbery, and considered only for that purpose only but not, obviously inflicted any punishment because of the Reeves' case itself. But it does give light, those facts give light to your behavior, gives light as to what occurred subsequent to that."

It is proper for a trial court to consider at sentencing charges which have been dismissed or resulted in acquittals as part of the criminal history of a defendant. *See Lottie v. State* (1980), 273 Ind. 529, 406 N.E.2d 632 and *Misenheimer v. State* (1978), 268 Ind. 274, 374 N.E.2d 523. A trial judge may consider all of the facts of the case brought out before him in determining a sentence including evidence of criminal activity. *Kelly v. State* (1983), Ind., 452 N.E.2d 907.

In sentencing appellant, the trial court based the enhanced sentence on numerous factors including: the victim was over 65; there was no need for the killing; a lesser sentence would depreciate the seriousness of the crime; and rehabilitation efforts for appellant would best occur in a correctional facility. A trial court need list only one aggravating factor to support an enhanced sentence. *Duvall v. State* (1989), Ind., 540 N.E.2d 34. We cannot say from the record as presented to this Court that the trial

court erred in the sentencing of appellant except as to Count VII as above stated.

■ Finally, appellant contends there was insufficient evidence to sustain the conviction charged in Count VIII, Conspiracy to Commit Kidnapping While Hijacking a Vehicle.

Appellant was charged with this crime pursuant to Ind.Code § 35–41–5–2. This statute provides:

"(a) A person conspires to commit a felony when, with intent to commit the felony, he agrees with another person to commit the felony. Conspiracy to commit a felony is a felony of the same class as the underlying felony. However, a conspiracy to commit murder is a Class A felony.

(b) The state must allege and prove that either the person or the person with whom he agreed performed an overt act in furtherance of the agreement...."

Appellant contends the State failed to prove that an agreement existed and that an overt act was committed in furtherance of that agreement.

In *Haymaker v. State* (1988), Ind., 528 N.E.2d 83, 85, we stated:

"A conviction for conspiracy may rest on circumstantial evidence alone. The agreement, as well as the *mens rea*, may be inferred from circumstantial evidence alone, including overt acts of the parties in pursuance of the criminal act." [Citation omitted.]

In a statement obtained by the police following appellant's arrest, he recounted the events after he and Concepcion met Noyas, including the robbery and murder of the cab driver, Reeves, the day prior ·to the Lanum robbery and murder. He described the manner in which the cab driver was shot including that the victim had been handcuffed. He stated that they split the money equally between the three of them. As to the Lanum robbery and murder, he stated that Lanum was forced into his van at gunpoint by Noyas, that Lanum was handcuffed by appellant, and that Noyas shot him. He also stated that they again split the money. Appellant indicated that they had talked about committing another

robbery after the robbery and murder of the cab driver.

From the foregoing, it is evident that there was sufficient evidence from which the trier of fact could convict appellant of conspiracy to commit kidnapping while hijacking a vehicle. We find no error.

We remand with instructions to vacate appellant's conviction and sentence for Class A robbery under Count VII and to enter his conviction and appropriate sentence for Class B robbery under that count. In all other respects, the trial court is affirmed.

SHEPARD, C.J., and DICKSON and KRAHULIK, JJ., concur.

DeBRULER, J., concurs and dissents with separate opinion.

DeBRULER, Justice, concurring and dissenting.

By its pleading of Count VIII, the State took the position that the conspiracy to kidnap the victim Lanum was completed by the overt acts of handcuffing and gagging him. By its pleading of Count IX, the State took the position that the actual crime of kidnapping was committed by the same act of handcuffing and gagging Lanum. Where, as here, the action element of a crime of conspiracy is alleged and proved to be identical to the action element of the substantive crime conspired about, I would hold that the conspiracy and the substantive crime are insufficiently distinguishable to support separate convictions and separate punishments. *Smedley v. State* (1990), Ind., 561 N.E.2d 776, 783 (opinion of DeBruler, J., concurring and dissenting). *See also Wethington v. State* (1990), Ind., 560 N.E.2d 496. The separate conviction and sentence for conspiracy should be reversed. Otherwise, I concur.