## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 17 2018, 8:24 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Amy D. Griner
Mishawaka, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Katherine Cooper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Victor N. Newbern,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

January 17, 2018

Court of Appeals Case No.
20A03-1707-CR-1609

Appeal from the Elkhart Superior Court

The Honorable Terry Shewmaker, Judge

Trial Court Cause No.
20D01-1108-FB-12

**Altice Judge.**

**Case Summary**

[1] Victor Newbern appeals the trial court's order revoking his probation and ordering him to serve the entirety of his previously-suspended sentence. He presents four issues for our review, which we restate as the following three:

> 1. Did the trial court abuse its discretion in admitting evidence from Newbern's cell phone?

> 2. Did the special conditions of Newbern's probation violate his constitutional rights?

> 3. Did the trial court abuse its discretion in revoking Newbern's probation and imposing his previously-suspended five-year sentence?

[2] We affirm.

## Facts & Procedural History

[3] On May 16, 2012, Newbern pled guilty to rape as a Class B felony and on July 5, 2012, the trial court sentenced him to fifteen years, with five years suspended to probation. Newbern was released from incarceration on November 24, 2016. On November 28, 2016, Newbern met with Melanie Godden, an adult probation officer who specializes in supervising sex offenders. Godden reviewed the terms of probation with Newbern. In addition to the standard terms of probation, Newbern was ordered to comply with twenty-eight additional terms specific to sex offenders. As pertinent here, one special condition required Newbern to notify Godden of the establishment of any dating, intimate, and/or sexual relationship. Godden also informed Newbern

that he "shall not be present at any parks or public beaches where children are known to congregate, schools, school-sponsored activities, amusement parks, playgrounds, day care centers, or any other place designated by your probation officer unless given written permission by the court or your probation officer." *Exhibits Vol. III-State's Exhibit* 1 at 6. In explaining this provision, Godden specifically informed Newbern that that he was not allowed to go inside a library or a mall. Another special condition of Newbern's probation required Newbern to allow his probation officer, "based on reasonable suspicion, to conduct periodic unannounced examinations of . . . electronic equipment with access to the Internet." *Id.* In this same vein, a standard condition of Newbern's probation was that he agreed to "waive any and all rights as to search and seizure under the laws and Constitution of both the United States of America and the State of Indiana during [his] period of probation." *Id.* at 2. He further agreed to "submit to warrantless and suspicionless searches and seizures of [his] person, property, vehicle, residence, and any other property under [his] control, at any time." *Id.*

[4] In accordance with the terms of his probation, Newbern met with Godden as required and submitted to drug screens, testing negative for controlled substances. During each of Newbern's meetings with Godden, Godden reminded Newbern that he needed to obtain a psychosexual assessment as ordered by the court and as required as a term of his probation. With each reminder Newbern indicated that he would get it scheduled, although he never did.

[5] During a meeting on January 5, 2017, Godden asked to see Newbern's cell phone, and he gave it to her. Godden examined the cell phone and determined it was a smart phone. She advised Newbern that he was not permitted to have a smart phone because, as a condition of his probation, he was not allowed to have access to the internet. Godden explained "very clearly" that continued use of the smart phone would be "a continuous violation of his probation." *Transcript Vol. 2* at 54.

[6] Newbern was going to throw the phone away until Godden told him that was not necessary. Newbern then placed his phone on Godden's desk. Godden picked up Newbern's phone and explained to him that she was going to read his text messages. Godden began to review text messages while Newbern was still in her office and came across text conversations between Newbern and several different women, many of which were sexually explicit in nature. Godden questioned Newbern about the text messages, and Newbern denied being in a relationship with any of the women and stated that they were only friends. Newbern left his cell phone with Godden after they finished discussing these text messages.

[7] After Newbern left her office, Godden continued to review his text messages. Godden came across a series of text messages between Newbern and a woman in which he indicated he was going over to the woman's house, and the woman responded, "Okay baby. I am here just waiting on my cuz for my weed but I am ready." *Id*. at 59. Godden was concerned that Newbern was associating with individuals who were using illegal drugs. In another text message,

Newbern stated he was going to South Bend with his mother (i.e., leaving Elkhart County). There were also multiple text messages between Newbern and different women in which they discussed their sexual encounters.

[8] Additionally, Godden discovered a text exchange between Newbern and yet another woman. This exchange was initiated by Newbern and the recipient responded by asking for Newbern's identity. Newbern replied, "Vic from the mall." *Id*. at 61. Godden called the cell phone number associated with these text messages and a young woman answered. Godden asked her if she was familiar with Newbern. The young woman recognized Newbern's name and told Godden that Newbern had approached her in the mall in Mishawaka, St. Joseph County, and asked her how old she was. She told Newbern she was seventeen and he asked her for her phone number, which she gave him. The two began exchanging text messages and talking frequently over the phone.

[9] Godden was concerned about Newbern's conduct in this regard because she had explained to Newbern that he was not permitted to be inside a mall and also because he had left Elkhart County and travelled to St. Joseph County without obtaining her permission. Even more concerning to Godden was that the young woman was the same age as the victim of the rape to which Newbern pled guilty. The young woman did not know that Newbern was a convicted sex offender until Godden informed her of such.

[10] The following day, January 6, 2017, Godden filed a notice of probation violation alleging numerous violations, including Newbern's failure to obtain a

psychosexual assessment, failure to make payments to the court to cover probation user fees and drug screens, association with individuals who use illegal drugs, leaving the county without permission, failure to notify probation with regard to his relationships, contact with persons under the age of eighteen, and presence in places he was prohibited from being. The trial court held an evidentiary hearing on May 2, 2017, and took the matter under advisement. Shortly thereafter, the trial court entered its order finding that Newbern had violated the terms of his probation and setting a dispositional hearing for June 29, 2017. At that hearing, the trial court revoked Newbern's probation and ordered that he serve his previously-suspended five-year sentence. Newbern now appeals. Additional facts will be provided as necessary.

## Discussion & Decision

### Admission of Evidence

[11]     Newbern argues that the trial court erred in admitting into evidence the contents of his cell phone because such was obtained in violation of his Fourth Amendment rights as Godden's search was not based on reasonable suspicion. During the evidentiary hearing, however, Newbern challenged the admission of this evidence on other grounds, asserting a lack of foundation and that such constituted hearsay. Newbern's Fourth Amendment argument is presented for the first time on appeal and he makes no claim of fundamental error. He has therefore waived the issue for review. *See Hilligoss v. State*, 45 N.E.3d 1228,

1231 (Ind. Ct. App. 2015) (noting that a party waives an issue if it is raised for the first time on appeal unless the error is fundamental).

[12] Waiver notwithstanding, Newbern's argument is without merit. A probation revocation hearing is in the nature of a civil hearing and therefore does not equate with an adversarial criminal proceeding. *Grubb v. State*, 734 N.E.2d 589, 591 (Ind. Ct. App. 2000), *trans. denied*.

> As such, a probationer who is faced with a petition to revoke his probation, although he must be given "written notice of the claimed violations, disclosure of the evidence against him, an opportunity to be heard and present evidence, the right to confront and cross-examine adverse witnesses, and a neutral and detached hearing body," is not entitled to the full panoply of rights that he enjoyed prior to his conviction.

*Id*. (quoting *Isaac v. State*, 605 N.E.2d 144, 147 (Ind.1992)).

[13] Given the distinction between formal criminal proceedings and probation revocation hearings, "courts have found it unnecessary to fully apply the exclusionary rule when dealing with probation revocation." *Dulin v. State*, 169 Ind. App. 211, 219, 346 N.E.2d 746, 751 (1976). Even if evidence is seized illegally, such will be excluded "only it if was seized as part of a continuing plan of police harassment or in a particularly offensive manner." *Id*. Newbern has made no such showing here.

## Constitutionality of Probation Conditions

[14]     Newbern argues that certain conditions of his probation violated his right to privacy, were not reasonably related to the goals of rehabilitation, or were overly broad. Specifically, Newbern challenges the condition that he was required to notify his probation officer before engaging in an intimate relationship. He also argues that the term of probation prohibiting him from being in a place designated by his probation officer did not adequately inform him of the prohibited conduct.

[15]     The trial court is granted broad discretion in establishing conditions of probation to safeguard the general public and to create law abiding citizens. *Gordy v. State*, 674 N.E.2d 190, 191-92 (Ind. Ct. App. 1996) (citing *Johnson v. State*, 659 N.E.2d 194, 198 (Ind. Ct. App. 1995)). The discretion afforded trial courts to set probation terms has been described as follows:

> The sentencing judge has a broad power to impose conditions designed to serve the accused and the community. The only limitation is that the conditions have a reasonable relationship to the treatment of the accused and the protection of the public. The object, of course, is to produce a law abiding citizen and at the same time to protect the public against continued criminal or antisocial behavior.

*McCloud v. State*, 452 N.E.2d 1053, 1056 (Ind. Ct. App. 1983). Because of the broad discretion granted the trial court, our review is essentially limited to determining whether the challenged conditions of probation are reasonably related to attaining these goals. However, where a defendant contends that a probation condition is unduly intrusive on a constitutional right, the following

three factors must be balanced: (1) the purpose sought to be served by probation; (2) the extent to which constitutional rights enjoyed by law abiding citizens should be afforded to probationers; and (3) the legitimate needs of law enforcement. *Carswell v. State*, 721 N.E.2d 1255, 1258 (Ind. Ct. App. 1999).

[16] With regard to the condition of probation that requires Newbern to notify his probation officer of his establishment of a dating, intimate, and/or sexual relationship, we consider such in light of the fact that Newbern is a convicted sex offender who raped a seventeen-year-old girl. As asserted by the State, we find that this condition does not prevent Newbern from having an adult relationship, but rather, this notification requirement was put in place to allow Newbern's probation officer to determine whether he is involved with a minor or whether he is involved with someone who has minor children. In this same vein, the probation condition also served to protect the public—namely, minors.

[17] As for the probation condition that Newbern is prohibited from being present in places were children are known to congregate, including places designated by a probation officer, Godden testified that she specifically informed Newbern that he was not to go inside a mall. Newbern had clear notice of the prohibited conduct. Further, prohibiting Newbern from entering a mall where teenagers are known to congregate is in line with protecting this class of persons.

[18] The special conditions of probation challenged by Newbern do not violate his constitutional right to privacy and they are not overly broad or vague with

regard to the prohibited conduct. The conditions are reasonably related to the goals of rehabilitation and are designed to protect the public.

## Sufficiency

[19] Newbern argues that the State presented insufficient evidence to support the revocation of his probation. A probation revocation hearing is civil in nature, and the alleged violation must be proven by the State by a preponderance of the evidence. *Mateyko v. State*, 901 N.E.2d 554, 558 (Ind. Ct. App. 2009), *trans. denied*. When reviewing a claim of insufficient evidence to support a trial court's decision to revoke probation, we consider only the evidence most favorable to the judgment, and we neither reweigh the evidence nor judge the credibility of witnesses. *Id*. Revocation is appropriate if there is substantial evidence of probative value to support the trial court's conclusion that the probationer has violated the terms of probation. *Lightcap v. State*, 863 N.E.2d 907, 911 (Ind. Ct. App. 2007). It is well settled that the violation of a single condition of probation is sufficient to support revocation. *Gosha v. State*, 873 N.E.2d 660, 663 (Ind. Ct. App. 2007). The sanction imposed by the trial court upon a finding of a probation violation is reviewed on appeal for an abuse of discretion. *Brandenburg v. State*, 992 N.E.2d 951, 953 (Ind. Ct. App. 2013), *trans. denied*.

[20] Newbern argues that the trial court's finding that he violated the terms of his probation was based in part on inadmissible evidence, i.e., the information gathered from his phone. As noted herein, Newbern did not establish that the

challenged evidence was inadmissible. Godden testified that Newbern had communicated with an individual who could be associated with illegal drugs, that he had communicated with a teenage girl, that he had visited a mall in a different county without first obtaining permission, and that he had sexually explicit text conversations with several women. All of these behaviors violated the terms of Newbern's probation. This evidence was more than sufficient to support the trial court's finding that Newbern violated numerous conditions of his probation.

Having found that Newbern violated his probation, the trial court was within its discretion to revoke probation and impose the balance of Newbern's previously suspended sentence. *See* Ind. Code § 35-38-2-3(h)(3) (providing that a trial court may order execution of all or part of the sentence that was suspended at the time of initial sentencing upon finding that a defendant has violated his probation).

Judgment affirmed.

May, J. and Vaidik, C.J., concur.